**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher H. DOBBS, Defendant– Appellant.**

**No. 92–6937.**

United States Court of Appeals, Eleventh Circuit.

Jan. 12, 1994.

expired.

L. Drew Redden, Stephen W. Shaw, Birmingham, AL, for defendant-appellant.

James Eldon Wilson, U.S. Atty., David L. Allred, Asst. U.S. Atty., Montgomery, AL, for plaintiff-appellee.

Before BLACK, Circuit Judge, JOHNSON and HENDERSON, Senior Circuit Judges.

BLACK, Circuit Judge:

A jury convicted Appellant Christopher H. Dobbs on thirty-three counts of mail fraud for his part in an elaborate scheme that defrauded Union Camp Corporation of $200,-000 by falsifying lumber truck delivery weights. Dobbs was sentenced in 1992 to concurrent terms of thirty months' incarceration on each count, to be followed by three years' supervised release. In calculating the sentence under the United States Sentencing Guidelines (Guidelines or USSG), the district court applied a two-level enhancement, pursuant to USSG § 3C1.1,[1] because Dobbs obstructed justice by committing perjury during his trial testimony. Dobbs asserts on appeal that the obstruction enhancement for perjury violates his constitutional right to testify on his own behalf and that the enhancement was erroneously applied in his case because the district court judge failed to make a separate, independent factual determination of perjury. We disagree and affirm the sentence in its entirety.[2]

I.

Dobbs asserts that the § 3C1.1 enhancement is unconstitutional when applied to perjurious trial testimony because it infringes on a defendant's right to testify and punishes a defendant for denying guilt on the witness stand. In *United States v. Dunnigan*, —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), a unanimous Supreme Court rejected these assertions. The Court noted that, while the right to testify on one's own behalf is both implicit in the Constitution and explicitly granted by statute, that right has never included a right to commit

---

1. Section 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." USSG § 3C1.1 (1992). The Application Notes to § 3C1.1 provide a non-exhaustive list of examples of conduct to which the

enhancement applies. The list includes "committing, suborning, or attempting to suborn perjury." *Id.* at comment. (n. 3(b)).

2. The other arguments raised by Dobbs on appeal are without merit.

perjury. *Dunnigan,* —— U.S. at ——, 113 S.Ct. at 1117.[3] The Court also noted that the enhancement for obstruction of justice through perjury does not punish a defendant for testifying, but rather "is part of a sentencing scheme designed to determine the appropriate type and extent of punishment after the issue of guilt has been resolved." *Id.* at ——, 113 S.Ct. at 1116. Perjury by a defendant "is of obvious relevance in this regard, because it reflects on a defendant's criminal history, on her willingness to accept the commands of the law and the authority of the court, and on her character in general." *Id.* Thus, Dobbs' constitutional objections to the § 3C1.1 enhancement are without merit.

## II.

■■■ Dobbs also asserts on appeal that the district court's perjury finding was insufficient under *Dunnigan* to support a sentence enhancement.[4] He maintains that his testimony was generally consistent with that of other witnesses. The "only inconsistency," he contends, was that portion of his testimony denying that he and witness Bulger defrauded Union Camp—the very behavior for which Dobbs was found guilty. Dobbs asserts that the district court must make a specific finding regarding what portions of his testimony were perjurious, in order to enhance his sentence. We disagree. While specific findings are preferred, they are not required in these circumstances.

In upholding application of the § 3C1.1 enhancement for perjury, the Court in *Dunnigan* expressed a preference that a sentencing court applying the enhancement "address each element of the alleged perjury in a separate and clear finding." *Id.* at ——, 113 S.Ct. at 1117. Application of the enhancement is permitted, however, if the sentencing court "makes a finding of an obstruction or

impediment of justice that encompasses all of the factual predicates for a finding of perjury." *Id.* When sentencing Dunnigan, the sentencing court found "that the defendant was untruthful at trial with respect to material matters in this case. [B]y virtue of her failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case, the court concludes that the false testimony at trial warrants an upward adjustment...." *Id.* The Supreme Court held that this general finding by the sentencing court, while not the preferred recitation of specific instances of perjured testimony, was sufficient to support use of the § 3C1.1 enhancement because the record amply demonstrated that Dunnigan's testimony was materially false. *Id.*

At Dunnigan's trial, five witnesses testified that the defendant was involved in cocaine trafficking and provided specific details about cocaine transactions involving her. *Id.* at ——, 113 S.Ct. at 1114. Dunnigan then took the stand, denied all involvement in any drug-related activities, and offered innocent explanations for trips she made that the witnesses testified were made in order to purchase cocaine. *Id.* In rebuttal, the government presented an additional witness who directly contradicted Dunnigan's testimony that she had not taken part in any cocaine transactions. *Id.* Against this background, the Supreme Court upheld the sentence enhancement for attempting to obstruct justice through perjury. *Id.* at ——, 113 S.Ct. at 1119.

In this case, Bulger, a truck scale operator for Union Camp, testified that Dobbs, a wood broker, suggested a scheme in which Bulger would falsify truck weights for non-existent lumber deliveries and Dobbs would present fraudulent delivery tickets to Union Camp for payment. Bulger testified that he pre-

**3.** Perjury, for the purpose of applying § 3C1.1, is defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *Dunnigan,* —— U.S. at ——, 113 S.Ct. at 1116.

**4.** Our review of the sentencing hearing record indicates that defense counsel did not directly object to a lack of specific findings of perjury, making it a close question whether this issue was

preserved for appeal. Instead, counsel and the court engaged in an abbreviated colloquy about the constitutionality of the enhancement as applied to a defendant who testifies at trial, a point well settled by *Dunnigan.* We have, however, broadly construed counsel's constitutional objection to include the degree of specific findings of perjury required by *Dunnigan,* and we address that point as if it had been properly preserved.

pared the false tickets while Dobbs collected the money from Union Camp and split the money with Bulger. Dobbs then testified in contrast that he knew of no scheme to defraud Union Camp by presenting fraudulent delivery tickets for payment and had never suggested one to Bulger. He testified that, although he paid his other accounts by check, he paid Bulger tens of thousands of dollars in cash, not because he and Bulger were engaged in any illegal activity, but for legitimate business reasons.

At the sentencing hearing, Dobbs' counsel objected to all enhancements made to the base offense level. The judge addressed each objection separately, beginning with the enhancement applied for more than minimal planning involved in the scheme. While ruling on the objection to that enhancement, the judge remarked that it was his recollection from trial that the scheme was Dobbs' idea originally and that Dobbs had shared in the proceeds throughout the conspiracy. Dobbs' counsel took exception to the judge characterizing Dobbs as the instigator of the scheme and noted that only Bulger had testified to that fact. Counsel maintained that the assertion that Dobbs instigated the scheme "flies in the face of logic" and that "the guilty verdict was not necessarily based on a belief of [Bulger's] testimony." Dobbs, of course, had testified that he was not part of any criminal scheme at all; his entire defense amounted to a blanket denial of the charges and an alternative explanation of his behavior.

Immediately after defense counsel disputed the characterization of Dobbs as the scheme instigator, the judge said, "[t]he court makes the finding and accepts the testimony of Mr. Bulger in that regard" and overruled the objection to the more than minimal planning enhancement. The judge next addressed the enhancement for obstruction of justice through perjury and said, "I believe it's well documented in the sentencing guidelines, is it not, that *if the determination is made* that Mr. Dobbs perjured himself that that constitutes obstruction of justice" (emphasis added). The *determination* this statement no doubt refers to is the judge's prior determination at the sentencing

hearing that Dobbs' testimony was necessarily false because Bulger's testimony was truthful, and Bulger's testimony directly contradicted Dobbs' testimony. The judge then made a specific finding in that regard: "The court finds as a matter of fact that Mr. Dobbs did indeed perjure himself, and obviously the jury believed that he did or they would not have convicted him."

Dobbs argues that the judge's comment on the jury's belief indicates that the obstruction enhancement was applied simply because Dobbs testified and was found guilty, not because the judge independently determined that Dobbs committed perjury at trial. Taken in context, however, we conclude that this comment refutes counsel's assertion that the jury verdict did not necessarily indicate a belief in Bulger's testimony. It does not indicate that the § 3C1.1 enhancement was applied merely because Dobbs testified and was found guilty. The judge specifically accepted Bulger's testimony that Dobbs originated the scheme and then found that Dobbs' testimony to the contrary was perjurious.

### III.

Particularized factual findings of instances of perjury are preferred when applying the obstruction of justice enhancement for perjury under § 3C1.1. *Dunnigan,* —— U.S. at ——, 113 S.Ct. at 1117. The record in this case, however, sufficiently supports the judge's finding that Dobbs attempted to obstruct justice by committing perjury. Bulger's testimony and Dobbs' testimony were fundamentally inconsistent on a material matter, the criminal activity for which Dobbs was convicted. The judge accepted Bulger's testimony as factual and, as required under *Dunnigan,* —— U.S. at ——, 113 S.Ct. at 1117, made an independent finding that Dobbs' testimony was perjurious. While, as in *Dunnigan,* a more particularized finding of perjury would have been preferable, the finding made supports the enhancement for perjury under § 3C1.1. Accordingly, the sentence is

AFFIRMED.