[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 01, 2005
THOMAS  K. KAHN
CLERK

No. 04-13385
Non-Argument Calendar
_____

D. C. Docket No. 03-00501-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIK PAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 1, 2005)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Erik Paz appeals his convictions and 37-month concurrent sentences for one

count of conspiring to utter counterfeit currency, in violation of 18 U.S.C. § 371,

and three counts of passing and uttering counterfeit currency, in violation of 18 U.S.C. § 472. The charges were based on allegations that Paz, along with employees of a SaveRite grocery store in Norcross, Georgia, passed counterfeit U.S. currency by exchanging counterfeit bills with genuine bills in the SaveRite safe. The counterfeit bills were then allegedly deposited into a bank with the rest of the store's funds, while the conspirators kept the genuine currency.

Paz claims that the district court committed four errors that entitle him to relief on appeal:

(1)     admitting evidence of prior uncharged criminal activity in violation of Federal Rules of Evidence 403 and 404(b);

(2)     basing the loss calculation relevant to his sentence, under U.S.S.G. § 2B1.1, on acquitted conduct;

(3)     applying an incorrect legal standard and failing to make required factual findings in enhancing his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1; and

(4)     imposing an unconstitutional sentence pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

We address each argument in turn.

## 1)     Admitting Evidence of Prior Uncharged Criminal Conduct

Paz first contests the district court's decision to admit testimony of Naketa Jenkins, an acquaintance of Paz, indicating that Paz showed her counterfeit

2

currency and asked her if she thought he could pass the currency at the SaveRite, claiming that it violated Federal Rules of Evidence 404(b) and 403. We review a district court's evidentiary rulings for abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).

Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However,

> evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.

United States v. Ramsdale, 61 F.3d 825, 829 (11th Cir. 1995).

Pursuant to Federal Rule of Evidence 403, relevant evidence is inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Rule 403 is an extraordinary remedy which the district court should invoke sparingly," and when addressing challenges to admitted evidence under Rule 403 on appeal, "[we] look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial effect."

3

United States v. Elkins, 885 F.2d 775, 784 (11th Cir. 1989).

The admission of Jenkin's testimony did not violate Rule 404(b) because it was "inextricably intertwined" with the evidence regarding the charged offenses. Jenkins testimony concerned a conversation in which Paz suggested the very same counterfeit currency transactions that formed the basis of the charges against him. Moreover, there is no indication that admission of Jenkins' testimony violated Rule 403, as its probative value was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Accordingly, the district court did not abuse its discretion in admitting Jenkins's testimony.[1]

## 2) Basing the Loss Calculation Relevant to Paz's Sentence, under U.S.S.G. § 2B1.1, on Acquitted Conduct

Paz next challenges the district court's calculation of the amount of loss attributable to Paz on the basis that, as a matter of law, it considered acquitted conduct in its calculation. Specifically, Paz asserts, the jury acquitted him of four counts alleged in the indictment, but the loss related to those counts was included in the amount of loss calculation under U.S.S.G. § 2B1.1, thereby increasing his

---

[1] To the extent that Paz challenges Jenkins's credibility on appeal, his claim fails because credibility issues are best left to the trial court and jury, whose judgment will not ordinarily be disturbed on appeal. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

offense level by two.

We review a district court's loss calculations for clear error.  United States v. Dominguez, 109 F.3d 675, 676 (11th Cir. 1997).[2]  To determine the loss attributable to a defendant, the court may consider all acts which he "committed, aided, abetted, counseled, commanded, induced, procured or willfully caused." U.S.S.G. § 1B1.3(a)(1)(A).  Moreover, the Supreme Court has held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by the preponderance of the evidence."  United States v. Watts, 519 U.S. 148, 157, 117 S. Ct. 633, 638, 136 L. Ed. 2d 554 (1997); see also Booker, 543 U.S. at __, 125 S. Ct. at 754-55 (mentioning, but not overruling, Watts). Thus, the district court did not clearly err in basing its amount of loss calculation on acquitted conduct.

**3)  Applying an Incorrect Legal Standard and Failing to Make Required Factual Findings in Enhancing Paz's Sentence for Obstruction of Justice Pursuant to U.S.S.G. § 3C1.1**

Paz also challenges the district court's enhancement of his sentence under U.S.S.G. § 3C1.1, for obstruction of justice, when calculating the applicable guidelines range.  He identifies two alleged inconsistencies upon which the

---

[2] "Although Booker established a 'reasonableness' standard for the sentence finally imposed on a defendant," Booker does not alter the standard we use to review a district court's application of the U.S. Sentencing Guidelines.  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

presentence investigation report ("PSI") relied in concluding that an obstruction of justice enhancement was warranted were insufficient to support the imposition of the enhancement, under U.S.S.G. § 3C1.1. He also asserts that, under United States v. Dunnigan, 507 U.S. 87, 113 S. Ct. 1111, 22 L. Ed. 2d 445 (1993), the district court erred because it did not make specific findings as to each of the elements of perjury. Paz further contends that the district court should have applied a more demanding standard of proof than merely a preponderance of the evidence in evaluating whether he obstructed justice.

We accord special deference to the district court's credibility determinations and review for clear error the district court's application of the obstruction of justice enhancement for perjury. United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003). Section 3C1.1 of the Guidelines provides for a two-level enhancement "if [ ] the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. A defendant may obstruct or impede justice by "committing, suborning, or attempting to suborn perjury." § 3C1.1, comment. (n.4(b)).

We held in United States v. Singh that, under Dunnigan, four elements must be present for a finding of perjury: (1) testimony under oath or affirmation, (2) that

6

is false, (3) that is material, (4) and that is given with the willful intent of falsehood and not resulting from mistake, confusion, or faulty memory. 291 F.3d 756, 763 (11th Cir. 2002). The Supreme Court in Dunnigan noted that, while it is "preferable" for the district court to make a separate finding in relation to each element of the alleged perjury, it is sufficient if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 507 U.S. at 95, 113 S. Ct. at 1117 (indicating that the sentencing court's findings that "the defendant was untruthful at trial with respect to material matters in this case, . . . [and she failed] to give truthful testimony on material matters that were designed to substantially affect the outcome of the case" were sufficient to warrant an obstruction enhancement). We, too, have stated that even absent particularized findings regarding the defendant's perjury, we may affirm if the record supports the district court's finding. United States v. Dobbs, 11 F.3d 152, 155 (11th Cir. 1994).

In Singh, we found that the district court's finding that the defendant had made "false statements" under oath at his sentencing hearing was sufficient to support the § 3C1.1 enhancement when the record reflected that the false statements were material and could not "possibly be the result of a mistake, confusion, or faulty memory." 291 F.3d at 763-64. Similarly, the district court

here found that Paz had made at least two false statements under oath at trial that, based on our reading of the record, were material and could not possibly have been the result of a mistake, confusion, or faulty memory. Although the district court could have made more particularized findings as to each element of perjury, which would have been preferable under Dunnigan, the imposition of the enhancement was supported by the record. See Dobbs, 11 F.3d at 155. We therefore find no clear error with the district court's imposition of the obstruction of justice enhancement, nor do we find any error with respect to the specificity of its factual findings.

To the extent that Paz argues that the district court applied the wrong standard of review in determining that he obstructed justice, his argument must fail, because as noted by the government, it relies upon an obsolete comment to the Guidelines. U.S.S.G. App. C, 414 (Amendment 566) (deleting the phrase "such testimony or statements should be evaluated in a light most favorable to the defendant.").

## 4. Blakely/Booker Objection

Finally, Paz argues that, in light of Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 403 (2004), and by extension, United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), his Sixth Amendment rights

8

were violated because his sentence exceeded the maximum authorized by the jury's verdict, based on facts (other than prior convictions) that he did not admit and were not proved to a jury beyond a reasonable doubt.

Because Paz made this objection with respect to the calculation of the amount of loss before the district court, based on Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000), we review his Blakely/Booker claim de novo, and will reverse only if any error was harmful. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005); see also United States v. Garcia, 405 F.3d 1260, 1275 (11th Cir. 2005) (explaining that appellant had preserved his claim by clearly raising an "Apprendi-type constitutional claim" in his objections to the PSI, at sentencing, and in his appellate briefs). Constitutional Booker error is harmless if the government can meet its burden to show that "it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." Paz, 405 F.3d at 948 (quotation and alteration omitted).

In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756. In a second and separate majority opinion, the

9

Booker Court concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including de novo review of departures from the applicable guideline range)—thereby effectively rendering the Sentencing Guidelines advisory only. Id. at ___, 125 S. Ct. at 764. The Court indicated that both its "Sixth Amendment holding and . . . remedial interpretation of the Sentencing Act" must be applied to "all cases on direct review." Id. at ___, 125 S. Ct. at 769.

In the instant case, the district court committed constitutional Booker error by sentencing Paz on the basis of facts that he did not admit, were not proved to a jury beyond a reasonable doubt, and did not constitute prior convictions. The jury convicted Paz of three of the substantive counts contained in the indictment – Counts 4, 5, and 9. According to the PSI, the amount of loss stemming from those counts was $1,200, $650, and $2,560, respectively. Therefore, the jury found that the amount of loss attributable to Paz's conduct was $4,410. This calculation would have resulted in a one-level increase to Paz's offense level, under U.S.S.G. § 2B5.1(b)(1)(A), because the loss exceeded $2,000, but was less than $5,000. In

10

calculating the amount of loss, however, the district court, in adopting the PSI, included in the loss calculation the losses stemming from acquitted conduct, detailed in Counts 3, 6, 7, and 8, even though Paz did not admit those losses and the jury verdict did not authorize the inclusion of those losses.  Due to these additional factual findings, Paz's offense level was enhanced by an additional three levels under U.S.S.G. §§ 2B5.1(b)(1) and 2B1.1.  Thus, Paz's sentence is unconstitutional.

However, the district court's constitutional Booker error was harmless.  To show that constitutional Booker error was harmless, the government must prove beyond a reasonable doubt that the district court would have imposed an equivalent or greater sentence had it sentenced Paz under an advisory, rather than a mandatory, sentencing guidelines scheme.  United States v. Davis, __ F.3d __, No. 04-14585, 2005 WL 1033422, at *1-2 (11th Cir. May 4, 2005).  The transcript of Paz's sentencing hearing reveals several facts that indicate the district court would have imposed an equivalent or greater sentence had it sentenced Paz under an advisory guidelines scheme:

1.     after affording Paz and his counsel an opportunity to argue "as to whether or not the court ought to sentence him at the low end of the guideline range," the district court imposed the highest

11

possible sentence within the applicable guidelines range;[3]

2.       the district court denied Paz's request to recommend his participation in the Bureau of Prison's Intensive Confinement Center Program, or "shock incarceration" program, see 18 U.S.C. § 4046 (2004), an intensive, rehabilitation-oriented program that would have, upon successful completion, entitled Paz to serve the remainder of his sentence in a community-based program, see 28 C.F.R. §§ 524.31(a) and 524.32(d)(1) (2004), even though he would be eligible to participate;

3.       the district court expressed concern that recommending Paz for the shock incarceration program would make him eligible for a more lenient sentence, thus indicating its desire to avoid permitting Paz to serve less than 37 months in prison; and

4.       by refusing to impose a sentence at the low end of the applicable guidelines range, the district court prevented Paz from being eligible for a sentence reduction through the shock incarceration program should the Bureau of Prisons later permit him to participate.   See 28 C.F.R. §§ 524.31(a) and 524.32(d)(2) (2004).

These factors are enough to convince us beyond a reasonable doubt, on this record, that the district court's Booker error is harmless because it would have

---

[3] See United States v. Gallegos-Aguero, __ F.3d __, No. 04-14242, 2005 WL 1160635, at *2 (11th Cir. May 18, 2005) (finding non-constitutional Booker error harmless, under the less rigorous non-constitutional harmless error standard, where "[t]he district court judge sentenced Gallegos-Aguero to the highest sentence available under the applicable guideline range, and considered sentencing Gallegos-Aguero to 20 years, the maximum allowable under the statute of conviction"); see also United States v. Riccardi, 405 F.3d 852, 876 (10th Cir. 2005) (incorrectly analyzing the harmlessness of constitutional Booker error under the less-rigorous non-constitutional harmless error standard, but finding the error harmless under the non-constitutional standard where the district court sentenced the defendant to the highest sentence in the applicable guideline range, and when "the court's remarks at sentencing [do not] suggest anything other than a belief that the 262 month sentence was appropriate in light of all the circumstances").

imposed an equivalent or greater sentence under an advisory guidelines scheme.[4]

Thus, upon review of the record and consideration of the parties' briefs, we discern no reversible error with regard to Paz's convictions or sentences.

**AFFIRMED.**

---

[4] The district court also committed statutory <u>Booker</u> error by sentencing Paz under a mandatory guidelines scheme. <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005). "Non-constitutional error is harmless when it does not affect the substantial rights of the parties. Under this standard, we must reverse only if the error resulted in actual prejudice because it had substantial and injurious effect or influence on [the defendant's] sentence." <u>United States v. Petho</u>, __ F.3d __, No. 04-15412, 2005 WL 1160640, at *1 (11th Cir. May 18, 2005) (internal citations and marks omitted). Because it is easier for the government to establish the harmlessness of non-constitutional <u>Booker</u> error than the harmlessness of constitutional <u>Booker</u> error, <u>see</u> <u>United States v. Robles</u>, __ F.3d __ , No. 04-13598, 2005 WL 1083487, at *3 (11th Cir. May 10, 2005), when a district court's constitutional <u>Booker</u> error is harmless, any non-constitutional <u>Booker</u> error will be harmless as well.