[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15992
Non-Argument Calendar
_____

D. C. Docket No. 06-00038-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONDICK TROUPE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 10, 2007)**

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Rondick Troupe pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and was sentenced to 110 months' imprisonment. On appeal, Troupe challenges only the application of a four-level enhancement under section 2K2.1 of the advisory Sentencing Guidelines for possession of a firearm in connection with another felony offense. For the reasons set forth more fully below, we affirm.

Troupe agreed to a statement of facts, which described the events leading to his arrest as follows: On May 12, 2006, members of the Tallahassee Police Department ("TPD") located a stolen Chevrolet Impala. After a few minutes, a Honda Accord parked next to the Impala, and two men exited the Accord. When TPD officers made their presence known, both men fled on foot. The driver, Troupe, was captured, but the passenger was not. Officers recovered a gun from Troupe's jacket pocket as well as a cell phone and $181. They also recovered a quarter "circle" of crack cocaine and several pieces of crack cocaine from the passenger-side floorboard of the Accord and a partially smoked marijuana cigarette from the center console.

In the presentence investigation report ("PSI"), the probation officer applied a four-level enhancement for possession of a firearm in connection with another felony offense, as Troupe was found in possession of a firearm in connection with

2

aiding and abetting grand theft of a motor vehicle and possession of cocaine with intent to sell. Troupe objected, arguing that he did not know that the vehicle was stolen and did not possess the cocaine. The probation officer responded that the enhancement was appropriate based upon the proximity of the firearm to the drugs in Troupe's vehicle.

At the sentencing hearing, Troupe testified that he received a phone call from his brother because the car his brother was driving, the Impala, had run out of gas. Troupe drove his brother to the gas station to purchase gas, and then they returned to the Impala. Troupe denied knowing that the car was stolen until after he was arrested. When they arrived, his brother, who was sitting in the front passenger seat of the Accord, exited the vehicle first. Troupe popped the trunk to get the gas and noticed a pistol in the front passenger seat. He intended to give the gun back to his brother because he knew that he was not supposed to be around a gun. When his brother exited the car, Troupe did not see the crack cocaine. However, he admitted that he saw the crack cocaine in his brother's lap when they were returning from the gas station. Troupe initially stated that he had no idea whether his brother was possessing it with intent to sell, and he denied any involvement with the sale of crack cocaine. On cross-examination, Troupe admitted that, in the 1990's, he had four cocaine-related convictions, which

3

generally involved his attempt to sell cocaine or crack cocaine. Troupe also admitted that: (1) he sold cocaine after 2000; (2) he occasionally obtained cocaine from his brother; (3) he knew that his brother was selling drugs; and (4) it was not a "big surprise" to see the cocaine in his brother's lap. Troupe further admitted that he had heard that, in the past, his brother had rental cars that were not returned. He also stated that he assumed that his brother would sell the drugs and that his brother was not a user of crack cocaine.

The district court overruled Troupe's objection to the four-level increase, finding that the enhancement should be applied "in accordance with . . . the treatment in the [PSI]." The court rejected Troupe's testimony that he did not know about the gun until after his brother exited the car. Instead, the court found that, based on the greater weight of the evidence, it was more likely Troupe's gun. The court next found that the gun was not possessed in connection with the theft of the vehicle, rejecting Troupe's testimony that he was going to return the gun to his brother. Stating that the connection to the drugs was a close issue, the court found that it was more likely that Troupe's brother possessed the drugs and brought them into Troupe's vehicle for the trip to the gas station. The court rejected Troupe's testimony that he had no reason to know that his brother was engaged in drug sales until he saw the drugs in the vehicle, finding that Troupe had greater knowledge of

4

his brother's activities and probably knew, when leaving the house to get gas, that drug activities were involved.

The district court recognized that, under U.S.S.G. § 2D1.1, an enhancement for possessing a firearm is applied if the weapon was present at the scene of the drug offense unless it was clearly improbable that the weapon was connected with the offense. Noting that guidance from this Court would be helpful as to whether or not the § 2D1.1 standard was the same as the standard for possession of a firearm in connection with a felony offense under § 2K2.1, the court stated that this Court appears to equate the two standards. However, the court explained that, even if the clearly improbable standard did not apply, it would reach the same conclusion.

On appeal, Troupe argues that the district court erroneously applied the application notes from § 2D1.1 instead of those in § 2K2.1, contending that this enhancement cannot be applied simply because a gun was present with drugs. As to the district court's specific findings, Troupe challenges the district court's failure to credit his testimony in its entirety as inconsistent with logic and the evidence presented. He also contends that, under either approach used by the district court, the enhancement was not warranted.

We review <u>de novo</u> the district court's application and interpretation of the

Sentencing Guidelines and its findings of fact for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). "For a factual finding to be 'clearly erroneous,' this court, 'after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed.'" United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (citation omitted).

In calculating the guideline range for a firearm possession offense under § 922(g), a four-level increase to the base offense level is required "[i]f the defendant . . . possessed any firearm . . . in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6) (2006) (previously codified at § 2K2.1(b)(5)). The phrase "in connection with" is not defined in the 2005 Guidelines Manual. See generally U.S.S.G. § 2K2.1, comment. (2005). Although the text of this provision has not changed, effective November 1, 2006, the guideline was amended to add the following commentary:

14. "In Connection With".--

(A) In General.--Subsection[] (b)(6) . . . appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . .

(B) Application When Other Offense is Burglary or Drug Offense.--Subsection[] (b)(6) . . .appl[ies] . . . in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In [this] case[], application of subsection[] (b)(1) . . . is warranted because the presence of the firearm has the potential of facilitating another felony

6

offense . . . .

U.S.S.G. § 2K2.1, comment. (n.14) (2006); U.S.S.G. App. C, Amend. 691.[1]

Interpreting the "in connection with" requirement under former § 2K2.1(b)(5), we "held that the term 'in connection with' in U.S.S.G. § 2K2.1(b)(5) should be given its ordinary and natural meaning, and we have expressly rejected a more restrictive interpretation." United States v. Smith, 480 F.3d 1277, 1280 (11th Cir. 2007). According to the phrase's ordinary and natural meaning, the firearm does not have to facilitate the underlying offense. Rhind, 289 F.3d at 695. Furthermore, "possession of a firearm with intent to use it to facilitate the commission of a felony offense, or with intent to use it should it become necessary to facilitate that crime, is possession 'in connection with' that offense." United States v. Jackson, 276 F.3d 1231, 1234-35 (11th Cir. 2001). "Moreover, in

---

[1] Although the PSI's calculations were based on the 2005 Guidelines Manual, Troupe's sentencing hearing was held on November 3, 2006, two days after the November 1, 2006 amendments became effective. Therefore, the district court should have considered whether to apply this commentary. See U.S.S.G. § 1B1.11(a), (b)(1) (requiring use of the Guidelines Manual in effect on the date of sentencing unless such an application would constitute an ex post facto violation); Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."); see also United States v. Saunders, 318 F.3d 1257, 1262 n.4 (11th Cir. 2003) ("Because '[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced,' § 1B1.11, we reference the Manual effective on 1 November 2001 throughout this opinion.") (alteration in original). The record suggests that the district court was not aware of this amendment, but instead applied the 2005 Manual. However, Troupe has not raised this argument on appeal and, therefore, has abandoned the issue. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that the defendant abandoned an issue on appeal by failing to offer any argument).

interpreting Guideline provisions that contain an 'in connection with' requirement identical to U.S.S.G. § 2K2.1(b)(5), we have held that, 'in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement.'" Smith, 480 F.3d at 1280 (quoting Jackson, 276 F.3d at 1234).

With regard to Troupe's contention that the district court applied an incorrect legal standard, under § 2D1.1, a drug offense guideline, a two-level increase is required if a firearm "was possessed." U.S.S.G. § 2D1.1(b)(1). The commentary provides that this "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id., comment. (n.3). Under this provision, the government need only prove that the firearm was present during the drug trafficking offense. United States v. Audain, 254 F.3d 1286, 1289-90 (11th Cir. 2001). Once the government does so, the burden shifts to the defendant to establish that a connection between the weapon and the offense was clearly improbable. Id. at 1289.

We need not decide whether the district court erred in applying the "clearly improbable" standard of § 2D1.1 comment. (n.3) to § 2K2.1.[2] Cf. United States v.

_____

[2] While we question whether Troupe adequately preserved this issue before the district court, the government does not argue that our review is limited to plain error, and we need not decide the appropriate standard of review based on our conclusion that the error, if any, was harmless. See United States v. Lynn, 608 F.2d 132, 135 (5th Cir. 1979) (holding that it was unnecessary to decide whether evidentiary objections were preserved adequately based on its disposition of the issues); see also United States v. Dobbs, 11 F.3d 152, 154 n.4 (11th Cir. 1994) (addressing an issue "as if it had been properly preserved" where there was a close question as to

Drury, 396 F.3d 1303, 1314 (11th Cir.), cert. denied, 126 S.Ct. 336 (2005) (declining to decide whether a jury instruction was erroneous because the error was harmless). Because the district court also found that it would reach the same result even if it did not apply the § 2D1.1 standard, any error in its application of that standard would be harmless. See United States v. Williams, 456 F.3d 1353, 1360 (11th Cir. 2006), pet. for cert. filed, (Oct. 19, 2006) (No. 06-7352) (holding that a guidelines miscalculation is harmless, and therefore does not warrant reversal, if the district court would have imposed the same sentence without the error); see also United States v. Scott, 441 F.3d 1322, 1330 (11th Cir. 2006) (commenting that we would have held that an error was harmless if the district court had stated that "it would reach the same sentence regardless of how the disputed § 2A6.1(b)(1) issue was decided.").

Turning to the district court's findings of fact, we have held that "[t]he credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility." United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). Moreover, we have held that a jury can disbelieve a witness and infer that the opposite of his testimony is true, United States v. Hasner, 340 F.3d 1261, 1272 (11th Cir. 2003), and need not fully accept

_____

preservation of the issue for appeal).

or fully reject a witnesses's testimony, see United States v. McDonald, 620 F.2d 559, 565 (5th Cir. 1980) (approving a jury instruction which stated, "If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves."). Therefore, we cannot conclude that the district court clearly erred in only partially crediting Troupe's testimony.

In order to show that the district court clearly erred in its ultimate finding, Troupe relies upon his version of the facts, contending that neither the drugs nor the firearm belonged to him, he only unlawfully possessed the firearm for a few moments, and he did not possess the drugs or commit the offense of drug possession. However, the district court rejected Troupe's testimony that the gun did not belong to him and that he only possessed the firearm for a few moments. Although the court agreed that Troupe's brother brought the drugs into Troupe's car, it found that Troupe had knowledge of his brother's activities before he saw the drugs. Thus, Troupe left the house to get gas, probably knowing that drug activities were involved, but in possession of a gun. The district court did not find that Troupe possessed the drugs, but found Troupe accountable based on aiding and abetting his brother's possession and the proximity of the gun to the drugs. Troupe does not, however, explain how, under the district court's facts, the district

10

court clearly erred in finding that he possessed the gun in connection with the drug offense. Because Troupe has not established that these preliminary factual findings were clearly erroneous and he offers no argument as to how, based on these facts, the district court clearly erred in concluding that he possessed a firearm in connection with a drug offense, we hold that Troupe has failed to establish clear error. See Cunningham, 161 F.3d at 1344 (holding that the defendant abandoned an issue on appeal by failing to offer any argument).

In light of the foregoing, Troupe's sentence is

**AFFIRMED.**