[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13253
Non-Argument Calendar

_____

D. C. Docket No. 06-00352-CR-VEH-VEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ZAMORA,
a.k.a. Nono,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 8, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

A Northern District of Alabama jury convicted Jorge Zamora on three

counts of a multi-count indictment: Count One, conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count Eight, distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and Count Nine, possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).[1]  The district court sentenced Zamora on each count to concurrent prison sentences of 235 months.  The sentences were at the low end of the Guidelines sentence range, which called for a prison term of 235 to 293 months for an offense level of 38 and a category I criminal history.  Zamora now appeals his sentences.

At trial, Zamora testified in his own defense.  In determining his sentence range under the Guidelines, the district court enhanced his base offense level by two levels under U.S.S.G. § 3C1.1, obstruction of justice, finding that Zamora's testimony constituted perjury.  Zamora contends that the court clearly erred in making that finding.

An obstruction of justice enhancement is appropriate if "the defendant willfully obstructed . . . the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction."

---

[1]  Five others were indicted along with Zamora.  Three of them were Government witnesses against him.

U.S.S.G. § 3C1.1.  Obstructive conduct includes the commission of perjury.  Id., comment. (n.4(b)).  Perjury occurs when a witness, testifying under oath, gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.  United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993).  Material matters include those that "would tend to influence or affect the issue under determination."  U.S.S.G. § 3C1.1, comment. (n.4(b)).

"[I]f a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings to establish a willful impediment to or obstruction of justice."  Dunnigan, 507 U.S. at 95, 113 S.Ct. at 1117.  Although the district court should make specific findings regarding perjury, a general independent finding of perjury is sufficient if the record demonstrates all the factual predicates of perjury.  United States v. Dobbs, 11 F.3d 152, 155 (11th Cir. 1994) (applying Dunnigan).

Here, the district court's general finding of that Zamora had committed perjury was sufficient to support the enhancement because it was an independent finding and all the factual predicates of perjury were present.  Specifically, Zamora's testimony directly contradicted the testimony of several co-defendants. Zamora willfully gave false testimony under oath regarding material matters.

AFFIRMED.