[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13016
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 05-00021-CR-2-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AGUERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 19, 2010)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Jose Aguero appeals his 108-month sentence for conspiracy to

possess with intent to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846. The sentence includes a two-level enhancement for obstruction of justice, based on Aguero's statement to the district court, at his plea hearing, that he did not sell methamphetamine. On appeal, Aguero argues that the district court erred in applying the enhancement, and his counsel was ineffective for failing to object to it.

## I.

Aguero first argues that the district court erred by imposing the two-level obstruction of justice enhancement without making any findings of fact as to why it would be applicable to him. Moreover, he contends, the record would not support such a finding because his denial at the plea hearing was not intended to mislead the court, but rather, was a confused attempt to emphasize that he sold "bathtub crank," as opposed to the "ice or crystal meth" form of methamphetamine.

When an appellant raises a challenge to the district court's application of a sentence enhancement for the first time on appeal, we review for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238-39 (11th Cir. 2009). When reviewing for plain error, we will reverse *only* if: (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial

proceeding. *Id.* (emphasis added). Moreover, "[i]t is the law of this circuit that a failure to object to allegations of fact in a [presentence investigation report] admits those facts for sentencing purposes" and "precludes the argument that there was error in them." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir.) (internal quotations marks omitted), *cert. denied*, ___ S. Ct. ___, (U.S. Oct. 5, 2009) (No. 09-5482).

An obstruction of justice enhancement is appropriate if "the defendant willfully obstructed . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Obstructive conduct includes the commission of perjury. *Id.*, comment. (n.4(b)). Perjury occurs when a witness, testifying under oath, "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 122 L. Ed. 2d 445 (1993).

"[I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." *Dunnigan*, 507 U.S. at 95, 113 S. Ct. at 1117. Although the district court should

3

make specific findings regarding perjury, a general independent finding of perjury is sufficient if the record demonstrates all of the factual predicates of perjury. *See United States v. Dobbs*, 11 F.3d 152, 155 (11th Cir. 1994) (applying *Dunnigan*).

Because Aguero did not object, and the record shows that he committed perjury during his plea hearing, we conclude that the district court did not plainly err in applying an obstruction of justice enhancement.

II.

Aguero further argues that his counsel, during sentencing, was ineffective for failing to object to the obstruction enhancement, because the failure to object carried no tactical advantage, and he was prejudiced because an objection most likely would have resulted in a shorter sentence.

"Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (internal quotations marks and alteration omitted).

Because the record is not fully developed on the matter at this time, we decline to address Aguero's ineffective assistance claim. Accordingly, we affirm

4

Aguero's sentence.

**AFFIRMED.**