16-734-cv
Fletcher v. Convergex Group, L.L.C., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand seventeen.

PRESENT: ROSEMARY S. POOLER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

LANDOL FLETCHER,

*Plaintiff-Appellant*,

v.                                                    No. 16-734-cv

CONVERGEX GROUP, L.L.C., CONVERGEX EXECUTION SOLUTIONS L.L.C., CONVERGEX GLOBAL MARKETS LTD., CONVERGEX HOLDINGS L.L.C., GTRADE SERVICES L.L.C., and "JOHN DOES" 1-10,

*Defendants-Appellees.**

------------------------------------------------------------------

*The Clerk of Court is respectfully requested to amend the caption as set forth above.

1

FOR PLAINTIFF-APPELLANT:    JAMES A. MOORE, McTigue Law LLP, Washington, D.C. (David Steven Preminger, Keller Rohrback, L.L.P., New York, NY, Erin M. Riley, Keller Rohrback, L.L.P., Seattle, WA, *on the brief*).

FOR DEFENDANTS-APPELLEES:    MELISSA D. HILL (Brian T. Ortelere, Jeremy P. Blumenfeld, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **VACATED AND REMANDED**.

Landol Fletcher appeals from the judgment of the United States District Court for the Southern District of New York (Stanton, J.) dismissing his claims against Convergex Group LLC and others ("Convergex" or "Defendants") for lack of subject matter jurisdiction.   Fletcher, a participant in a defined benefit plan (the "Central States Plan" or the "Plan"), brought this putative class action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2). Fletcher alleges that Convergex engaged in an undisclosed scheme to double charge Plan participants for securities transactions.   That conduct, Fletcher claims, "violated ERISA fiduciary duties of prudence and loyalty and constituted prohibited

2

transactions in violation of ERISA," causing financial losses to the Plan, in violation of 29 U.S.C. §§ 1104(a)(1)(B) & 1106(b). Fletcher seeks to bring the action on behalf of himself and in a representative capacity as a participant of the Central States Plan. He also seeks to represent members of other ERISA plans affected by Convergex's double-charging scheme.

On appeal, Fletcher asserts that the District Court erred in concluding that (1) he failed to establish a cognizable injury in fact sufficient to confer Article III standing in either his individual or representative capacities, and (2) he lacks Article III standing to bring claims on behalf of plans of which he is not a member. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

We conclude that allegations describing Convergex's breach of fiduciary duties of prudence and loyalty under ERISA, its violation of ERISA's prohibited transactions provision, and the resulting financial loss sustained by the Central States Plan are sufficient to confer Article III standing on Fletcher in his representative capacity as a Plan participant. See L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc., 710 F.3d 57, 67 n.5 (2d Cir. 2013); see also 29 U.S.C. § 1132(a)(2).

3

Having erroneously held that Fletcher did not have standing to represent other members of his own ERISA plan, the District Court understandably also ruled that Fletcher had no standing to represent members of ERISA plans of which he was not a member, without separately analyzing that issue. We therefore vacate that ruling and remand to the District Court to determine in the first instance whether the conduct alleged by Fletcher relating to the Central States Plan "implicates the same set of concerns" as the conduct by Convergex that is "alleged to have caused injury" to putative class members who are not participants in that Plan. NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 162 (2d Cir. 2012); see also Ret. Bd. of the Policemen's Annuity & Ben. Fund v. Bank of N.Y. Mellon, 775 F.3d 154, 160–63 (2d Cir. 2014), cert. denied sub nom. Ret. Bd. of the Policemen's Annuity & Annuity & Ben. Fund v. Bank of N.Y. Mellon, 136 S. Ct. 796 (2016).

For the foregoing reasons, the judgment of the District Court is **VACATED AND REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court