[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12906

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEMAL CHEEKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60239-DPG-1

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Demal Cheeks was charged with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1) and two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 2 and 3). The charges were based on an alleged fraudulent scheme to obtain titles to stolen vehicles. A jury found him guilty of Counts 2 and 3, and he now appeals.

**I**

Mr. Cheeks entered a plea of not guilty and proceeded to a jury trial. At trial, Mr. Cheeks testified in his own defense.

After the close of evidence, the district court instructed the jury on the charges. During its deliberations, the jury submitted a note to the district court requesting "[c]larification of Demal Cheeks['] charges." The district court asked counsel for both parties how they suggested responding to the jury. Mr. Cheeks' counsel agreed with the prosecutor that the jury "ha[s] to rely on the language as it's written." Mr. Cheeks' counsel then affirmed that the court's proposed response instructing the jury to "rely on the jury instructions as written" was acceptable.

The jury acquitted Mr. Cheeks of Count 1 and found him guilty of Counts 2 and 3. Prior to sentencing, the probation office prepared a presentence investigation report which applied a number of upward adjustments under the Sentencing Guidelines based

on various factors. As relevant here, the PSI applied a two-level increase based on U.S.S.G. § 2B1.1(b)(4) because the offense involved receiving stolen property and Mr. Cheeks was in the business of receiving and selling stolen property. The PSI also applied a two-level enhancement under U.S.S.G. § 3C1.1 on the grounds that Mr. Cheeks willfully obstructed justice by falsely testifying at trial that he did not sign the fraudulent paperwork that was submitted for vehicle titles. The PSI recommended a total offense level of 23 and an advisory guideline imprisonment range of 46 to 57 months. Neither party filed a written objection to the PSI.

Prior to his sentencing hearing, Mr. Cheeks filed a sentencing memorandum requesting a downward variance. He argued that proper consideration of the sentencing factors set out in 18 U.S.C. § 3553(a) supported a sentence of 12 to 18 months, followed by no more than 3 years of supervised release. He did not challenge any of the facts in the PSI. Nor did he challenge any of the Sentencing Guidelines calculations. At sentencing, however, Mr. Cheeks raised two objections to the PSI.

First, he objected to the two-level enhancement for obstruction of justice under § 3C1.1, arguing that his trial testimony was not perjurious because it represented "his different recollection of the events in question" and therefore did not amount to willful obstruction. The government responded that the obstruction enhancement should apply because his testimony went to the heart of his guilt or innocence and the jury's guilty verdict supported the conclusion that he lied during his testimony. The district court

overruled Mr. Cheeks' objection on two alternative grounds. First, it ruled that the objection was not timely because it was not submitted at least 14 days prior to the sentencing hearing. Proceeding to the merits, it found that the obstruction enhancement was appropriate because the jury heard and rejected Mr. Cheeks' testimony, and "providing false testimony is a sufficient basis to apply this enhancement[.]"

Second, Mr. Cheeks objected to the two-level increase for being in the business of receiving and selling stolen property under § 2B1.1(b)(4). He argued that the enhancement was not applicable because he never maintained an inventory of stolen property and the unlawful transactions alleged in the indictment were isolated and did not indicate that he engaged in such activity with regularity. The government asserted that the enhancement was appropriate because Mr. Cheeks was involved in the sale of at least five stolen cars, with both his wife and a third person in the scheme, and personally used three others. The district court overruled the objection because it was untimely and for the reasons stated by the government and Mr. Cheeks' previous convictions for similar offenses. The district court then sentenced Mr. Cheeks to 51 months' imprisonment followed by 3 years of supervised release.

On appeal, Mr. Cheeks argues that the district court erred by failing to properly clarify its jury instructions in response to the jury's note. He also contends that the district court erred in applying the enhancements under §§ 3C1.1 and 2B1.1(b)(4).

## II

Mr. Cheeks claims that the district court erred in failing to clarify the jury instructions.  But we do not review invited errors. *See United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005). Errors are invited where a party expressly agreed to the now-challenged decision at the time it was made.  *See id.*  For jury instructions, we have held that a party invites error by stating that "the instruction is acceptable to us" or that "the jury instructions 'covered the bases.'"  *Id.* (citation omitted).

Mr. Cheeks invited the alleged error because his counsel agreed that the jury should not be given additional instructions and should be told to rely on the instructions that had been given.  We therefore decline to review his argument that the district court failed to adequately clarify its instructions.

## III

We next turn to Mr. Cheeks' objections to the presentence investigation report.  Where a district court ruling is "based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  If an appellant fails to challenge on appeal one of the independent grounds for the district court's judgment, he has abandoned any challenge of that ground.  *See id.*

Here, the district court overruled both of Mr. Cheeks' objections as untimely because he failed to submit the objections to the court in writing 14 days before the sentencing hearing.  *See* Fed. R.

Crim. P. 32(f)(1).  The district court also overruled Mr. Cheeks on alternative grounds, addressing the merits of each objection.

On appeal, Mr. Cheeks has failed to challenge the district court's ruling that both of his objections were untimely.  He has therefore abandoned any challenge to the district court's independent timeliness ruling, which, in any event, we do not find constitutes an abuse of discretion.  *See United States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007).  Where a district court denies a motion—or here, an objection—on both timeliness grounds and alternatively addresses the merits, we do not excuse the objection's untimeliness.  *See United States v. Milian-Rodriguez,* 828 F.2d 679, 683 (11th Cir. 1987) (holding that a district court's decision to deny a suppression motion both on timeliness grounds and on the merits did not excuse the untimeliness of the motion where the district court "never indicated that it would excuse the waiver and decide the . . . issue solely on the merits").  We therefore "treat the matter as if no objection had been made" and review for plain error.  *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 591–92 (11th Cir. 2014).

Under plain error review, Mr. Cheeks bears the burden of establishing that "(1) there is an error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Beckles,* 565 F.3d 832, 842 (11th Cir. 2009) (cleaned up).

## A

Mr. Cheeks argues that the court erred by imposing a two-level enhancement for obstruction of justice pursuant to § 3C1.1 because his testimony denying having signed fraudulent title documents reflected his different recollection of events rather than a willful intent to obstruct justice.  Comment 4 to § 3C1.1 includes perjury as an example of conduct that may merit this enhancement.  *See* § 3C1.1 cmt. 4(B).  Perjury requires four elements: "(1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory."  *United States v. Singh*, 291 F.3d 756, 763 n.4. (11th Cir. 2002).

It is uncontested that the testimony was made under oath and that it was material.  As to the second element, the district court made a finding that the testimony was false when it stated that "[t]he jury had an opportunity to hear his testimony.  They rejected it.  The defendant providing false testimony is a sufficient basis to apply this enhancement[.]"  D.E. 79 at 5.  But for the third element, Mr. Cheeks maintains that the testimony was not intended to provide false testimony, but rather reflected a different recollection of events.  The court did not make a specific finding that Mr. Cheeks provided the testimony with willful intent.

Although separate findings that address each element of the alleged perjury are preferable, "a general finding that an

enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." *United States v. Lewis*, 115 F.3d 1531, 1538 (11th Cir. 1997) (citing *United States v. Dunnigan*, 507 U.S. 87, 95 (1993)). We have previously held that a general finding of perjury is only sufficient if "the record clearly reflects that the district court found willfulness, falsity, and materiality and that a sufficient basis supports each element." *United States v. Feldman*, 931 F.3d 1245, 1263 (11th Cir. 2019) (citing *Dunnigan*, 507 U.S. at 94–95).

We cannot say that the record "clearly reflects" a finding of willfulness, especially because the district court expressly, and incorrectly, stated that false testimony alone was a "sufficient basis to apply this enhancement[.]" *See id.* But in applying the Supreme Court's decision in *Dunnigan*, we have found that a district court's general finding "that [the defendant] did indeed perjure himself, and obviously the jury believed that he did or they would not have convicted him," was a sufficient basis for an obstruction of justice enhancement. *See United States v. Dobbs*, 11 F.3d 152, 155 (11th Cir. 1994). *See also United States v. Miranda*, 774 Fed.Appx 525, 428–29 (11th Cir. 2019) (finding no error in apply the obstruction of justice enhancement where "the district [court] specifically identified several statements [the defendant] made at trial that it found to be untruthful, which were material because they touched on the elements of the charged offenses"); *United States v. Alvarado*, 449 Fed.Appx 835, 841 (11th Cir. 2011) (holding that "the district court's findings that [the defendant's] 'testimony was not truthful' and 'apparently perjurious'" provided a sufficient basis for the

enhancement).  Although *Miranda* and *Alvarado* are unpublished, they are persuasive because the Supreme Court in *Dunnigan* itself concluded that a finding by the district court "that the defendant was untruthful at trial with respect to material matters in this case" was sufficient to warrant the enhancement.  507 U.S. at 95.

The district court did not plainly err in applying the obstruction of justice enhancement.  We have previously held that a defendant who fails to "request any particularized findings regarding the perjurious statements at the sentencing hearing . . . cannot now complain to this court." *United States v. Hubert*, 138 F.3d 912, 915 (11th Cir. 1998) (citing *United States v. Geffrard*, 87 F.3d 448, 453 (11th Cir. 1996)).  That is the case here, and no plain error has been shown.

**B**

Finally, we turn to Mr. Cheeks' claim that the district court improperly enhanced his sentence under § 2B1.1(b)(4) for an offense that "involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property[.]" U.S.S.G. § 2B1.1(b)(4).  Comment 5 provides that in determining whether this enhancement applies, the court shall consider factors including "(A) [t]he regularity and sophistication of the defendant's activities; (B) [t]he value and size of the inventory of stolen property maintained by the defendant; (C) [t]he extent to which the defendant's activities encouraged or facilitated other crimes; and (D) [t]he defendant's past activities involving stolen property." *Id*. cmt. 5.

At sentencing, the district court rejected Mr. Cheeks' objection to this enhancement "for the reasons stated by the government"—that Mr. Cheeks had participated, working together with his wife and neighbor, in the sale of at least five stolen vehicles, and that he had personally used three other stolen vehicles. The court also cited the fact that Mr. Cheeks had previously been convicted of vehicle title fraud, three counts of grand theft, and strong-armed robbery.

On appeal, Mr. Cheeks argues that the district court improperly applied the enhancement because the indictment only charged two counts of wire fraud involving two vehicles. He asserts that he never maintained an inventory of stolen property or conducted a regular and sophisticated business. He contends that he was minimally involved in the larger scheme of title fraud and that the jury acquitted him of the conspiracy count.

The district court did not plainly err in applying the § 2B1.1(b)(4) enhancement. The district court did not rely on the conspiracy charge of which Mr. Cheeks was acquitted as the basis for the enhancement. It instead relied on the fact that Mr. Cheeks participated in title fraud for at least five vehicles and personally used three others, as well as his prior theft-related convictions. This evidence provides a sufficient basis for the district court's finding that he was in the business of selling and receiving stolen property. Mr. Cheeks does not cite any precedent demonstrating that applying a § 2B1.1(b)(4) enhancement under these circumstances constitutes plain error.

23-12906                Opinion of the Court                11

**IV**

We affirm Mr. Cheeks' conviction and sentence.

**AFFIRMED.**