[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-4281

_____

D. C. Docket No. 97-06007-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL G. AUDAIN, a.k.a. New Chief,
FERNANDO BURGOS-MARTINEZ, a.k.a. Fernando,
REGINALD MOLIN, a.k.a. Reggie,
LUCKNER GUILLAUME, a.k.a. Lucky,
MARC VALME, a.k.a. Palmiste, et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(June 25, 2001)**

Before TJOFLAT, DUBINA and MESKILL*, Circuit Judges.

_____
     *Honorable Thomas J. Meskill, U.S. Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

## I.

Defendants/Appellants (the "Defendants") Joel G. Audain ("Audain"), Fernando Burgos-Martinez ("Burgos"), Reginald Molin ("Molin"), Luckner Guillaume ("Guillaume"), and Marc Valme ("Valme") appeal their convictions and sentences for conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, and 963. Molin, Guillaume, Audain, and Burgos appeal their convictions and sentences for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Molin and Guillaume appeal their convictions and sentences for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Audain appeals his conviction and sentence for substantive money laundering, in violation of 18 U.S.C. § 1957.

After a lengthy trial, the Defendants were convicted on all charges filed against them, and the district court sentenced the Defendants as follows: Audain, life imprisonment; Burgos, life imprisonment; Valme, life imprisonment; Guillaume, 235-month prison term; and Molin, 240-month prison term. The Defendants then perfected their appeals.

**II.**

The Defendants present the following issues for appellate review:

1.  Whether the conspiracy evidence proven at trial materially varied from the indictment and, if so, whether the Defendants have established prejudice.

2.  Whether the evidence was sufficient to support the Defendants' convictions.

3.  Whether the district court committed reversible error in admitting wiretapped conversations involving Molin.

4.  Whether the district court committed reversible error in denying Guillaume's mistrial motion based upon one witness's non-responsive answer.

5.  Whether the district court committed reversible error in allowing questions on redirect examination concerning information about Burgos from a witness's manuscript.

6.  Whether the prosecutor's closing remarks about Audain and Guillaume constituted misconduct and, if so, whether either Defendant should receive a new trial.

7.  Whether the district court erred in sentencing the Defendants.

**III.**

After reviewing the record, reading the parties' briefs, and having the benefit

of oral argument, we affirm all of the Defendants' convictions and sentences, except for the life sentences imposed upon Audain and Burgos for their convictions under 18 U.S.C. § 1956(h). Title 18 U.S.C. § 1956 carries a maximum sentence of 20 years imprisonment, and, therefore, as the government concedes,[1] the district court erred in sentencing Audain and Burgos to life imprisonment for violation of this statute. Accordingly, we must vacate that portion of their sentences and remand the case for the district court to resentence Audain and Burgos for their convictions under 18 U.S.C. § 1956(h).

In all other respects, we summarily affirm the Defendants' judgments of conviction and sentences.[2] We feel compelled, however, to briefly address Audain's argument concerning the firearm enhancement that the district court imposed on him pursuant to U.S.S.G. § 2D1.1(b)(1).

## IV.

Audain worked as an immigration inspector for the Immigration and Naturalization Service ("INS") at the Miami International Airport. Evens Gourgue ("Gourgue"), a terminal operations specialist at Miami International Airport, testified that he observed Audain assisting drug traffickers smuggle drugs into the

---

[1] *See* Supplemental Brief For The United States, pg. 3, n.3.

[2] *See* 11th Cir. R. 36-1.

4

country. Gourgue stated that when he decided to act as a drug courier himself, he asked Audain to assist him, and Audain agreed. After two separate drug runs from Haiti to Miami, Gourgue testified that Audain met him at the jetway and escorted him through the Miami airport in order to avoid Customs agents and agents of the INS. Gourgue testified that Audain was in his INS uniform on both occasions, and that he carried a firearm. Based on Gourge's testimony, the district court imposed a two level firearm enhancement on Audain's offense level, pursuant to U.S.S.G. § 2D1.1(b)(1).

Audain challenges the firearm enhancement by arguing that it was clearly improbable that the firearm he carried was connected with Gourgue's drug offense because Gourgue's testimony demonstrated that Audain's possession of the firearm was immaterial to Gourgue. We disagree.

This court reviews the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998). Pursuant to U.S.S.G. § 2D1.1(b)(1), if a defendant possessed a dangerous weapon during a drug-trafficking offense, his offense level should be increased by two levels. The commentary to § 2D1.1 explains that this firearm enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the

5

offense." U.S.S.G. § 2D1.1, comment. (n.3) (1991).  The government has the burden under § 2D.1.1 to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence.  *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995).  If the government is successful, the evidentiary burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was "clearly improbable."  *Id.*

In support of Audain's firearm enhancement, the government relied on Gourgue's testimony to establish that Audain knowingly assisted in the transportation of drugs while carrying a firearm.  Significantly, Audain did not attempt to discredit Gourgue's testimony at the sentencing hearing.  Thus, the government fulfilled its burden of showing, by a preponderance of the evidence, that Audain possessed a firearm during the drug-trafficking offense.  Accordingly, the burden shifted to Audain to prove that it was clearly improbable that the firearm was connected to the offense.  The district court found that Audain failed to carry this burden, and Audain now challenges this finding on two general grounds.

First, Audain argues that there was no evidence that carrying the firearm helped facilitate the transportation of drugs.  Thus, Audain contends that his case is distinguishable from the cases relied on by the government and the district court.

6

However, Audain's argument is without merit because he is essentially asserting that the government must prove that the firearm was used to facilitate the distribution of drugs, which is not required by either the plain language of § 2D1.1 or by our precedents. *See Hall*, 46 F.3d at 63 (11th Cir. 1995) (holding that the government is only required to prove that the firearm was present during the drug-trafficking offense); *see also U.S. v. Hansley*, 54 F.3d 709, 716 (11th Cir. 1995) (holding the same); *U.S. v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998) (holding the same). Therefore, his argument fails.

Second, Audain argues that his possession of the firearm was irrelevant to the transportation of drugs, and, consequently, it was clearly improbable that the firearm was connected to the drug offense. This argument, however, is not supported by the record and does not comport with common sense. Gourgue testified that as a novice courier he was nervous about transporting drugs and asked Audain, an armed INS inspector, to meet him at the airport gate and escort him. Given the undisputable fact that a personal escort by an armed INS agent greatly increases the chances for successful drug trafficking, it is safe to assume that Audain's presence, which included the presence of his firearm, was very important to Gourgue. *See United States v. Marmolejo*, 106 F.3d 1213, 1216 (5th Cir. 1997) ("Transporting drugs under the watchful eyes of *armed* INS agents [is] the *'perfect*

7

*cover'* for [a drug trafficking] organization.") (emphasis added)). Therefore, we cannot say that it is clearly improbable that Audain's presence, which included the presence of his firearm, was relevant to Gourgue's offense.

Moreover, in persuasive authority, the First Circuit in *United States v. Ruiz*, 905 F.2d 499 (1st Cir. 1990), addressed a firearm enhancement for a police officer found assisting drug traffickers. In holding that the firearm enhancement was properly imposed, the court reasoned that

> the weapon was closely linked to the very powers and office which appellant used to implement his felonious activities. The knowledge that Ruiz carried a gun quite probably instilled confidence in those who relied upon him for protection in exchange for drugs. . . . The fact that Ruiz was compelled to carry the gun by virtue of his employment was, of course, to be considered – but that fact alone does not make it 'clearly improbable' that the weapon was connected with the drug offense.

*Id.* at 508.

Here, Gourgue testified that Audain was armed "at times" when he was in uniform. This testimony indicates that Audain was not required to be armed on the occasions that he escorted Gourgue through the Miami airport. Thus, it appears that Audain exercised discretion in choosing to be armed on those occasions. Although the discretion to carry a firearm on the job is neither required nor determinative, Audain's exercise of discretion lends considerable weight to the district court's finding that it was not clearly improbable that Audain's carrying of

8

his firearm was connected to Gourgue's drug offense. *See id.; see also Marmolejo*, 106 F.3d at 1216 (holding that an INS agent was subject to the firearm enhancement when he escorted drug couriers while carrying a gun, despite the facts that he did not use the gun and that carrying a gun was a requirement of his position).

Based on the foregoing, we reject Audain's arguments concerning the firearm enhancement.

In conclusion, we affirm all of the Defendants' convictions and sentences, except for the life sentences imposed upon Audain and Burgos for their convictions under 18 U.S.C. § 1956(h). We vacate the sentences on those counts and remand this case to the district court for resentencing.

**AFFIRMED in part, VACATED and REMANDED in part.**