[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11323
Non-Argument Calendar

_____

D. C. Docket No. 03-14024-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO TONY ROSALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 8, 2007)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Genaro Tony Rosales ("Rosales") appeals his 156-month sentence

for conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine.

In the district court, Rosales pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846, and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). At a change-of-plea hearing, the government proffered facts that Rosales made arrangements with an undercover agent to accept a firearm as partial payment for methamphetamine. Rosales met the agent, accepted the firearm and $8,000, and gave the agent one pound of methamphetamine. Rosales agreed that the government's proffer of those facts was accurate.

Subsequently, Rosales filed a 28 U.S.C. § 2255 habeas petition raising ineffective assistance of counsel claims. A magistrate judge recommended that Rosales's § 924(c) conviction and sentence be vacated because, pursuant to *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005), Rosales's barter of drugs in exchange for a firearm did not constitute "use of a firearm." The district court adopted the magistrate judge's report, vacated Rosales's sentence, and ordered that he be resentenced once the probation officer prepared an amended presentence investigation report ("PSI").

2

According to the amended PSI, an undercover agent called Rosales about a deal for a pound of methamphetamine in exchange for $8,000. The agent and Rosales made an arrangement to exchange a firearm for methamphetamine. At the meeting, the agent handed the firearm to Rosales. Rosales handed the agent a blue Wal-Mart bag, and, after the agent inspected the bag's contents, he handed Rosales $8,000. Rosales was then arrested without incident. In a subsequent written statement, Rosales acknowledged that he "accepted a firearm as partial payment for a portion of the Methamphetamine."

The probation officer assigned Rosales a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(a)(3), and added two levels pursuant to U.S.S.G. § 2D1.1(b)(1) because Rosales possessed a dangerous weapon (including a firearm). Rosales objected to the two-level increase, but the district court overruled the objection and sentenced Rosales to 156 months imprisonment.

On appeal, Rosales argues that the district court erred by enhancing his sentence under U.S.S.G. § 2D1.1(b)(1) because: (1) the undercover agent brought the firearm to the scene of the crime; (2) the undercover agent was not a co-conspirator; and (3) Rosales could not have "possessed" the firearm because the district court had already determined that he did not "carry" the firearm in relation to his drug offense when it vacated Rosales's 18 U.S.C. § 924(c) conviction.

Rosales contends that the court, in finding that Rosales possessed the firearm, engaged in prohibited fact-finding which violated his Sixth Amendment rights because the court's finding that he did not "carry" a firearm for § 924(c) purposes precluded any further finding that Rosales "possessed" a firearm.

We review "the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts *de novo*." *United States v. Gallo*, 195 F.3d 1278, 1280 (11th Cir. 1999). "Possession of a firearm for sentencing purposes is a factual finding." *United States v. Geffrard*, 87 F.3d 448, 452 (11th Cir. 1996).

Pursuant to § 2D1.1(b)(1), a defendant's offense level should be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Application Note 3 of the provision provides:

> The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

U.S.S.G. § 2D1.1, comment. (n.3). "The government has the burden under § 2D1.1 to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence." *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001). The government need not prove that the firearm was used to facilitate the distribution of drugs. *Id.*; *see also United States v. Hall*, 46

4

F.3d 62, 63-64 (11th Cir. 1995) (holding that, under the plain language of § 2D1.1(b)(1), the government is only required to prove that the firearm was present during the drug-trafficking offense). "If the government is successful, the evidentiary burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" *Audain*, 254 F.3d at 1289 (citation omitted).

In *United States v. Shelton*, we held that, because the defendant admitted to the facts that the district court relied upon to enhance the sentence, the defendant's Sixth Amendment rights were not violated. 400 F.3d 1325, 1330 (11th Cir. 2005). Further, because the defendant failed to raise objections to the PSI's factual statements, we found that the statements were deemed admitted as true. *Id.*

As an initial matter, Rosales's argument that the district court engaged in prohibited fact-finding is without merit. The record reflects that Rosales admitted several times that he possessed the firearm, and, therefore, Rosales's Sixth Amendment rights were not violated.

Rosales's argument that the firearm enhancement is inapplicable because the district court already determined that he did not "use" or "carry" a firearm when it vacated his sentence and conviction under § 924(c) is also without merit. The government was only required to demonstrate that the firearm was present during

the drug transaction, which Rosales established by his own admissions. Rosales failed to show that a connection between the weapon and the offense was clearly improbable, and his reliance on cases which discuss vicarious liability is inapposite. Thus, we conclude from the record that the district court did not clearly err by its application of § 2D1.1(b)(1).

Based upon the foregoing discussion and our review of the record and the parties' briefs, we conclude that the district court did not engage in prohibited fact-finding, nor did it clearly err in its application of the § 2D1.1(b)(1) firearm enhancement. Accordingly, we affirm Rosales's sentence.

**AFFIRMED.**