[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2008
THOMAS K. KAHN
CLERK

No. 07-14303
Non-Argument Calendar

_____

D. C. Docket No. 07-00039-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD JAMAAL PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 7, 2008)**

Before DUBINA, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Appellant Ronald Price appeals his 80-month sentence for possession with

intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Specifically,

Price maintains that because the government failed to show any nexus beyond

mere possession between his firearms and the crime, the two-point enhancement he

received for possession of a firearm was unwarranted. Further, Price argues that

the facts of the case do not support the two-point enhancement he received for

obstruction of justice because his cousin actually owned the cocaine.

## I.

"We review a district court's factual findings for clear error and its

application of the Sentencing Guidelines to those facts de novo." United States v.

Davis, 313 F.3d 1300, 1305 (11th Cir. 2002). "Possession of a firearm for

sentencing purposes is a factual finding." United States v. Geffrard, 87 F.3d 448,

452 (11th Cir. 1996). Pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines, a

defendant's offense level should be increased by two levels "[i]f a dangerous

weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1).

Application Note 3 of the provision provides:

> The adjustment should be applied if the weapon was present, unless it
> is clearly improbable that the weapon was connected with the offense.
> For example, the enhancement would not be applied if the defendant,
> arrested at his residence, had an unloaded hunting rifle in the closet.

U.S.S.G. § 2D1.1 cmt. n.3.

We have held that "§ 2D1.1(b)(1) requires the government to show by a

2

preponderance of the evidence that the firearm was present at the site of the charged conduct." United States v. Cooper, 111 F.3d 845, 847 (11th Cir. 1997). The government need not prove that the firearm was used to facilitate the distribution of drugs. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001); see also United States v. Hall, 46 F.3d 62, 63-64 (11th Cir. 1995) (stating that, under the plain language of § 2D1.1(b)(1), the government is only required to prove that the firearm was in proximity to the drug-trafficking offense, and § 2D1.1(b)(1) does not require a connection between the drug offense and the firearm). "If the government is successful, the evidentiary burden [then] shifts to the defendant to demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" Audain, 254 F.3d at 1289 (citation omitted). The defendant's failure to produce such evidence permits a district court to apply such an enhancement without committing clear error. See Hall, 46 F.3d at 64.

After reviewing the record, we conclude that the evidence in this case supports the district court's finding that it was not clearly improbable that the firearms found in the vehicles were connected with the drug activity. Further, we conclude that the dog alert on Price's vehicle indicating drug residue provided the requisite nexus between the drug crime and at least one of the firearms. Therefore, the district court did not err in enhancing Price's sentence for possession of a

3

firearm.

**II.**

Factual findings for an obstruction of justice enhancement are subject to the clearly erroneous standard of review, and the application of the Sentencing Guidelines to those facts are reviewed de novo. See United States v. Lewis, 115 F.3d 1531, 1538 (11th Cir. 1997); Davis, 313 F.3d at 1305. The enhancement must be based on a determination that a defendant obstructed investigation of the instant offense of conviction. See United States v. Bagwell, 30 F.3d 1454, 1459 (11th Cir. 1994). To permit meaningful appellate review, sentencing courts must make specific findings of fact when they enhance sentences for obstruction of justice. See United States v. Alpert, 28 F.3d 1104, 1106 (11th Cir. 1994).

Because evidence in the record demonstrates that (1) at the time of his arrest, Price claimed the cocaine to be his; (2) his cousin's story regarding how he left the cocaine in open sight in an open house while he ran around the block is implausible; (3) his cousin could not identify the amount or the packaging of the cocaine; and (4) his cousin admitted to lying about the cocaine ownership and discussing the case with Price before his confession, we conclude that the district court did not err in enhancing Price's sentence for obstruction of justice. Accordingly, we affirm Price's sentence.

4

**AFFIRMED.**