[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16150
Non-Argument Calendar

_____

D. C. Docket No. 06-00114-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRENE COLIN SANCHEZ,
a.k.a. Irene Sanchez Colin, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 1, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Irene Sanchez appeals the total sentence she received following her convictions for conspiracy to possess with the intent to distribute a controlled substance, *i.e.* methamphetamine ice, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); possession with intent to distribute a controlled substance, *i.e.* methamphetamine ice, in violation of 21 U.S.C. § 841(a) (Count Three); and possession with intent to distribute a controlled substance, *i.e.* methamphetamine ice, in violation of 21 U.S.C. § 841(a) (Count Four).  Sanchez asserts:  (1) the district court erred at sentencing in applying a two-level dangerous weapon enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1); (2) the district court erred in applying a three-level manager or supervisor enhancement, pursuant to U.S.S.G. § 3B1.1(b); and (3) her total sentence of 324-months' imprisonment, which was at the lowest end of her Guidelines range, is procedurally or substantively unreasonable.[1]  We review each issue in turn, and affirm Sanchez's sentence.

---

[1] Sanchez also asserts the district court erred in applying a two-level obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1.  This argument is foreclosed by *United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990) (*overruled on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993 (en banc)), in which this Court held:

> Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice.

Sanchez waived this claim by failing to object in writing to the obstruction of justice recommendation in the second amended PSI and by failing to object orally to the recommendation at sentencing, even though she was given multiple opportunities to do so. Before concluding the sentencing hearing, the district court elicited objections from both

2

I.

We review a preserved objection to a district court's "findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts *de novo*." *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006).

A district court is instructed by the Guidelines to apply a two-level enhancement to a defendant's offense level if she possessed a firearm or other dangerous weapons in connection with a drug trafficking or possession offense. U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3); *see also United States v. Audain*, 254 F.3d 1286, 1289-90 (11th Cir. 2001) (noting the government is not required to prove the firearm was used to facilitate the distribution of drugs, but only that the firearm was present during the drug-trafficking offense). "The government has the burden under § 2D1.1 to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence." *Audain*, 254 F.3d at 1289. "If the government is successful, the evidentiary burden

Sanchez and the Government. Because Sanchez failed to raise this objection at sentencing, it is deemed waived. Finding no manifest injustice, we decline to consider this argument for the first time on appeal.

shifts to the defendant to demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" *Id.*

The district court did not clearly err in finding that, because it was "more likely probable that the firearm was . . . used to protect the drugs," and Sanchez knew of the firearm, a two-level dangerous weapon enhancement was appropriate. Evidence showed law enforcement officials found a firearm in Sanchez's home, in close proximity to where they also discovered: (1) a digital scale with methamphetamine residue; (2) a small bag of cocaine; (3) two envelopes containing $1000 each, and a third envelope containing $700, all in $20 denominations; (4) two notebooks a Government witness opined contained "drug notes;" and (5) sandwich bags, which, according to a Government witness, were used "extensively" by drug dealers to package narcotics. Sanchez, on the other hand, failed to meet her burden of demonstrating that a connection between the firearm and the drugs was clearly improbable.

Moreover, in light of the evidence the firearm was found under the mattress of Sanchez's own bed, and a bullet for the gun was found in a bedroom dresser drawer, there was sufficient evidence to support the court's finding that Sanchez knew of the firearm.[2]

---

[2] To the extent Sanchez relies on *United States v. Stallings*, 463 F.3d 1218 (11th Cir. 2006), her reliance is misplaced. In *Stallings*, we vacated a district court's application of a

4

II.

We review for clear error a district court's finding that a defendant was a manager or supervisor for enhancement purposes under U.S.S.G. § 3B1.1. *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005). Under the Guidelines, a defendant's offense level is to be increased by three-points if she "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b).

The evidence established there were at least five members of the conspiracy to distribute methamphetamine–Sanchez, Victor Ponce, William Stokes, Jr., Phillip Presley, and Jackie Hazelwood, among others, and many of them testified at trial as cooperating witnesses and admitted culpability in the conspiracy or to committing drug related offenses. Evidence also showed: (1) Sanchez possessed, in her home, drug paraphernalia, drug notes, and a large amount of cash in small denominations; (2) she purchased much of the methamphetamine and distributed it to the other co-conspirators, who then sold the drugs and collected the proceeds; and (3) she monitored the status of larger transactions, including one by Ponce to

dangerous weapon enhancement under § 2D1.1(b)(1) since the government failed to provide any evidence the firearms found in the defendant's home–where no activities related to the drug conspiracy took place–belonged to the defendant or were somehow connected to the conspiracy. *Stallings*, 463 F.3d at 1220-21. By contrast, in this case, the Government established the firearm was found under the mattress of Sanchez's bed, and that drug related activities occurred inside her house.

5

Steven Huffman during the controlled buy. On this record, the district court did not clearly err in finding that a three-level manager or supervisor enhancement was warranted.

III.

Following *United States v. Booker*, 125 S. Ct. 738 (2005), we ordinarily review sentences for reasonableness. *See United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). The Supreme Court recently clarified reasonableness review is synonymous with the abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 587, 596 (2007). However, in this case, Sanchez never raised a reasonableness objection below. It is unnecessary for us to decide whether her omission in this regard dictates the plain error standard of review should apply, however, since Sanchez's reasonableness claim fails under any standard of review.

In imposing a sentence, a district court first must correctly calculate a defendant's applicable Guidelines range, and then must consider all of the factors outlined in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence. *Gall*, 128 S. Ct. at 596-97. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to

6

provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a). After deciding on the appropriate sentence, the district court must sufficiently explain the chosen sentence to permit meaningful appellate review and to promote the perception of fair sentencing. *Gall*, 128 S. Ct. at 597.

Appellate review of a sentence imposed is two-fold. First, we must ensure the district court committed no significant procedural error. *Id.* Second, we must ensure the sentence imposed by the district court was substantively reasonable. *Id.* A sentencing decision is procedurally sound if the district court correctly calculated the defendant's sentencing range, treated the Guidelines as advisory, considered the § 3553(a) factors, selected a sentence that was not based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.*

A sentencing decision is substantively reasonable if the district court acted within its discretion in determining the § 3553(a) factors supported the sentence. *Id.* at 600. A "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the

sentencing hearing or in the sentencing order[.]" *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007) (citations omitted).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 128 S. Ct. 558 (2007). "'[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.'" *United States v. Melvin*, 187 F.3d 1316, 1323 (11th Cir. 1999) (alteration in original). Thus, we will reverse a procedurally proper sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Williams*, 456 F.3d at 1363.

Sanchez's total sentence is procedurally sound. We have already concluded the enhancements applied were done so appropriately. Accordingly, the district court correctly calculated Sanchez's adjusted offense level and her criminal history category, and accurately calculated her applicable sentencing range based on these factors.

In addition, the court considered Sanchez's arguments and evidence as to a reasonable total sentence, acknowledged the Guidelines were advisory, and reasoned that a total sentence at the low end of Sanchez's applicable Guidelines range was appropriate in light of the facts and circumstances of the case and the statutory purposes of sentencing. The court's explanation of its reasons was sufficient. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007) (stating a lengthy explanation is not necessarily required when a court imposes a sentence within the defendant's applicable Guidelines range, particularly where it has listened to the arguments of the parties and considered the parties' supporting evidence).

Sanchez's total sentence is substantively reasonable as well. First, the district court imposed the 324-month total sentence only after listening to and considering the parties' evidence and arguments as to a reasonable sentence. Second, the court noted it considered the statutory purposes of sentencing, and specifically listed at least three of those factors. Although the court did not mention explicitly every § 3553(a) factor, it was not required to do so, and "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *See Williams*, 456 F.3d at 1363. Finally, Sanchez's sentences of 324-months' (or 27 years) imprisonment on each of the

three counts of conviction, to run concurrently, was at the lowest end of her Guidelines range, and was significantly less than the statutory maximums of life imprisonment on Counts One and Three, and the statutory maximum of 40 years' imprisonment on Count Four.

Thus, Sanchez's total sentence of 324-months' imprisonment is procedurally sound and substantively reasonable.

**AFFIRMED.**