[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12473
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00298-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOULN SOUN,
a.k.a. Sonny,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 17, 2008)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Nouln Soun appeals from his 292-month sentence after he pled guilty to conspiracy to possess with intent to distribute more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. On appeal, Soun argues that: (1) the district court clearly erred in determining the

amount of drugs attributable to him; (2) the district court erred in imposing an enhancement for possession of a firearm during a drug trafficking offense; and (3) his sentence was not substantively reasonable. After thorough review, we affirm.

We review the district court's interpretation of the sentencing guidelines de novo and its factual findings, such as determinations of drug quantities or firearm possession, for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005); United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005); United States v. Geffrard, 87 F.3d 448, 452 (11th Cir. 1996). We review the ultimate sentence imposed for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we find no merit in Soun's argument that the district court clearly erred in determining the amount of drugs attributable to him. The guidelines provide that the base offense level for a possession or a conspiracy drug offense is ordinarily calculated by determining the quantity of drugs attributable to a defendant. See generally U.S.S.G. § 2D1.1. The guidelines also provide that courts shall consider as relevant to this determination "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction

2

. . . ." U.S.S.G. § 1B1.3(a)(1). A defendant is accountable for co-conspirators' conduct that was reasonably foreseeable and within the criminal activity that the defendant agreed to undertake. United States v. Westry, 524 F.3d 1198, 1219 (11th Cir.), cert. denied, (U.S. Oct. 6, 2008) (No. 08-5343). "'Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" United States v. Frazier, 89 F.3d 1501, 1506 (11th Cir.1996) (quoting U.S.S.G. § 2D1.1 cmt. n.12). Moreover, "[i]n estimating the quantity of drugs attributable to a defendant, a court may base its computation on evidence showing the average frequency and amount of a defendant's drug sales over a given period of time." Id. Thus, sentencing "may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998) (per curiam). The government bears the burden of proving drug quantity by a preponderance of evidence. Rodriguez, 398 F.3d at 1296.

The record shows that Soun admitted to methamphetamine amounts adding up to 1721.5 grams, even without including the amounts of methamphetamine testified to by his codefendants. Thus, the district court did not clearly err in determining that the drug quantity attributable to Soun was at least 1.5 kilograms.

Next, we are unpersuaded that the district court erred by enhancing Soun's sentence for possession of a firearm. According to U.S.S.G. § 2D1.1(b)(1), a court should increase the offense level by two "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.3. The government has the burden to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). "If the government is successful, the evidentiary burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" Id. The firearm enhancement applies whenever a firearm is possessed during relevant conduct attributed to the defendant during sentencing. United States v. Hunter, 172 F.3d 1307, 1309 (11th Cir. 1999).

"The § 2D1.1(b)(1) enhancement may be applied when the firearm is possessed by a co-conspirator." United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006). "The enhancement applies to a co-conspirator when the government establishes by a preponderance of the evidence that (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy,

4

(3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." Id. (quotation omitted).

Here, the record shows that Soun's co-conspirators testified that they possessed firearms in connection with drug trafficking when Soun was with them. Thus, although Soun did not possess a firearm himself in connection with drug trafficking, the district court did not clearly err in determining that Soun knew or could have foreseen that his co-conspirators possessed a firearm in furtherance of the conspiracy while he was a member of it.

Finally, we reject Soun's claim that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

5

err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

We have observed "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. Id. at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under [United States v. Booker, 543 U.S. 220 (2005)]." Id. Likewise, where the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that it has considered the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." Rita v. United States, 127 S.Ct. 2456, 2468 (2007). In holding a particular sentence to be reasonable, we have noted that it was appreciably below the statutory maximum. United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006). The maximum punishment for possessing more than 500 grams of a substance containing methamphetamine is life imprisonment, and the minimum is 10 years' imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(viii), 846.

Soun is only arguing that the district court committed substantive error. However, as the record shows, the district court considered his arguments and the § 3553(a) factors. While other codefendants may have received lesser sentences for their cooperation with the government, Soun did not show that he had cooperated to a similar extent. Moreover, Soun's sentence of 292 months' imprisonment was appreciably below the statutory maximum of life imprisonment, and he was sentenced at the lowest recommended guideline range. He has not shown that his within-guidelines sentence was unreasonable.

**AFFIRMED.**