[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12867
Non-Argument Calendar

_____

D. C. Docket No. 06-00007-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DANIEL KENNEDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 6, 2009)

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

James Daniel Kennedy appeals his 210-month sentence for possession of a listed chemical -- pseudoephedrine -- with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). No reversible error has been shown; we affirm.

Kennedy pleaded guilty to possessing 2,709 pseudoephedrine tablets. In determining the quantity of drugs attributable to Kennedy, the district court included amounts of methamphetamine and methamphetamine mixture from dismissed counts of the indictment. On appeal, Kennedy argues that the district court calculated incorrectly his base offense level[1] by (1) including quantities of drugs not part of the count of conviction, and (2) estimating inaccurately the gram weight of actual pseudoephedrine contained in the tablets.

We conclude that the district court committed no error in attributing to Kennedy drug amounts that were part of the indictment but later were dismissed as part of the plea agreement. Under the advisory guidelines, the district court may consider all relevant conduct -- not just charged conduct -- in calculating a defendant's offense level. United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006). And we have determined that relevant conduct includes quantities of

---

[1]The district court calculated Kennedy's base offense level pursuant to U.S.S.G. § 2D1.1, based on a cross-reference in U.S.S.G. § 2D1.11 -- the guideline for possessing a listed chemical -- because his offense involved the unlawful manufacture of methamphetamine and resulted in a greater offense level. See U.S.S.G. § 2D1.11(c)(1).

drugs that are the subject of dismissed counts of the indictment. United States v. Alston, 895 F.2d 1362, 1371-72 (11th Cir. 1990). Relevant conduct must be proved by a preponderance of the evidence; but here, Kennedy does not dispute that he sold methamphetamine to law enforcement officers or that law enforcement officers seized methamphetamine from his truck upon arresting him. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (alleged relevant conduct is deemed to be true when a defendant does not challenge the accuracy of the allegations).[2]

About Kennedy's challenge to the pseudoephedrine weight calculation, he did not challenge the method of calculation used by the probation officer in the district court. He also fails to specify how the probation officer erred when approximating the actual weight of pseudoephedrine: he says only that the probation officer should have used a scientific process instead of an estimate. We discern no error in the probation officer's method of calculation. The probation officer based his calculation of the amount of actual pseudoephedrine contained in the tablets on a fair and conservative estimate of a minimum potency of 30 milligrams a tablet, even though many tablets had a higher strength; he then

---

[2]To the extent that Kennedy argues that relevant conduct and drug quantity must be proved beyond a reasonable doubt after United States v. Booker, 125 S.Ct. 738 (2005), we reject his argument. Even after Booker, the preponderance-of-the-evidence standard applies to guidelines calculations. See Hamaker, 455 F.3d at 1336.

multiplied the net weight of the tablets by the potency percentage to calculate the total amount of pseudoephedrine. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005) (sentencing for a drug offense may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant).

About the weight, Kennedy conceded at sentencing that the facts in the presentence investigation report were accurate; he did not object to the weights of the drugs. Thus, he is precluded from now challenging the drug quantity attributed to him. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (defendant is precluded from challenging district court's factual findings when he fails to object to the court's findings).[3]

Kennedy also challenges the enhancement to his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the commission of his offense; he contends that the guns discovered in his truck at his arrest bore no connection to the drugs. "For sentencing purposes, possession of a firearm involves a factual finding, which we review for clear error." United States v.

---

[3]Also, Kennedy's statements that the drug weights were correct invited the district court to rely on the drug weight calculations in determining his base offense level. So, even if the probation officer made a computational error, under the doctrine of invited error, we are precluded from reversing any district court error about drug weight calculation. See United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) ("Where invited error exists, it precludes a court from invoking the plain error rule and reversing") (citation omitted).

Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006).

If a defendant possessed a dangerous weapon during a drug trafficking offense, a two-level increase is warranted. U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). The government has the burden of demonstrating the proximity of the weapon to the site of the charged offense by preponderance of the evidence. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). If the government meets its burden, the burden shifts to the defendant to demonstrate that a connection between the weapon and the offense clearly was improbable. Id.

Here, the district court properly applied the firearm enhancement to Kennedy's sentence. The government showed -- and Kennedy did not dispute -- that three guns and a functional improvised explosive device ("pipe bomb") were present in his truck where the pertinent pseudoephedrine tablets were discovered during a routine traffic stop and vehicle inventory search. The government was not required to do more to prove that the weapons were used to aid in the offense. See Audain, 254 F.3d at 1289. And Kennedy presented no evidence to meet his burden of demonstrating that a connection between the firearms and the drugs clearly was improbable.

5

Kennedy argues that the district court's alleged errors in calculating the guidelines range rendered his sentence -- at the top of the advisory guidelines range -- unreasonable. When reviewing a sentence, we must, in pertinent part, ensure that no procedural error occurred, such as the district court's improperly calculating the guidelines, basing a sentence on clearly erroneous facts, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to explain a variation from the guidelines. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008).

Kennedy bases his reasonableness challenge only on the alleged guidelines calculation errors; and we already have concluded that these arguments have no merit. The court treated the guidelines as advisory and concluded that a sentence at the high end of the range was warranted because of Kennedy's disregard for the drug laws and the seriousness of his offense, including the pipe bomb in his truck when he was arrested. The district court clearly considered the facts of the case and the section 3553(a) factors and committed no procedural error. Kennedy has not carried his burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

AFFIRMED.