[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15388
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00044-SCB-TBM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FEDERICO ROSAS,
a.k.a. Felix,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 23, 2012)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Federico Rosas appeals his total 60-month sentence, imposed after pleading

guilty to conspiracy to possess with intent to distribute and distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii) ("Count 1"); aiding and abetting to distribute and possess with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B)(viii) and 18 U.S.C. § 2 ("Count 2"); and aiding and abetting to sell a firearm to a convicted felon, in violation of 18 U.S.C. §§ 922(d)(1), 924(a)(2), and 2 ("Count 3").  First, Rosas argues that the district court erred in finding that he was ineligible for safety-valve relief under U.S.S.G. § 5C1.2, based on his firearm possession and failure to comply with the government's demand for information.  He claims that his possession of the gun was not "in connection with" the drug offense, and that his affidavit truthfully disclosed all information he had concerning the offenses before sentencing.  Second, Rosas argues that the court erred in imposing a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), because mere possession of a firearm is insufficient to trigger the enhancement.  Third, Rosas argues that the court erred in denying Rosas a two-level reduction based on his minor role in the offense under U.S.S.G. § 3B1.2 because he was less culpable than the average participant.

I.

We review the factual findings concerning denial of safety-valve relief for

2

clear error.  *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).  The district court's legal interpretation of the Sentencing Guidelines is reviewed *de novo*.  *Id.*  The defendant bears the burden of proving his eligibility for safety-valve relief.  *Id.* at 1302.

Under the safety-valve provision, the court may impose a sentence without regard to the statutory minimum sentence if the following criteria are met: (1) the defendant has not more than one criminal-history point; (2) the defendant did not use violence, threats of violence, or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not a leader or supervisor; and (5) not later than the time of sentencing, the defendant truthfully provided all information and evidence to the government relevant to the offense.  U.S.S.G. § 5C1.2(a)(1)-(5).

The fifth requirement places on the defendant "an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct."  *Johnson*, 375 F.3d at 1302 (quotations omitted).  If given notice that a defendant is willing to provide information, the government is under no obligation to solicit such information from the defendant.  *United States v. Milkintas*, 470 F.3d 1339, 1345-46 (11th Cir. 2006).

3

In this case, Rosas fails to demonstrate his eligibility for safety-valve relief. He did not debrief the government, and further declined an opportunity to testify regarding the contents of an affidavit he filed the day before the sentencing hearing. Thus, the court did not clearly err in finding that Rosas did not meet his burden of showing complete and honest disclosure before sentencing. Because Rosas did not meet the disclosure requirement of § 5C1.2(a)(5), we find it unnecessary to decide whether Rosas possessed a firearm "in connection with" the drug offense under § 5C1.2(a)(2).

## II.

We review possession of a firearm for sentencing purposes for clear error. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). The Guidelines provides for a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed . . . ." U.S.S.G. § 2D1.1(b)(1). We have held that "§ 2D1.1(b)(1) requires the government to show by a preponderance of the evidence that the firearm was present at the site of the charged conduct." *United States v. Cooper*, 111 F.3d 845, 847 (11th Cir. 1997). The government is not required to prove that the firearm was used to facilitate the distribution of drugs in order for the firearm enhancement to apply, as mere presence is sufficient. *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001). If the government is successful in

demonstrating proximity, the burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable. *Id.* Failure to produce such evidence permits a district court to apply the enhancement without committing clear error. *United States v. Hall*, 46 F.3d 62, 63-64 (11th Cir. 1995).

Here, it is undisputed that the firearm was present at the site of the charged conduct of the drug sale, and that Rosas personally delivered both items simultaneously in the same transaction. Rosas fails to meet his burden of showing the clear improbability of any connection between the firearm and the drug offense. Thus, the court did not clearly err in finding that the firearm enhancement applied.

## III.

We review the sentencing court's determination of a minor role for clear error. *United States v. De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (*en banc*). The defendant bears the burden of proving his minor role by the preponderance of the evidence. *Id.* at 939. The Guidelines provides for a two-level reduction if the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2, comment. (n.5).

Rosas does not dispute that he provided the 12.5 grams of methamphetamine and the firearm, or that he told an informant who represented himself as a convicted felon that he could obtain ammunition anywhere. This is the only conduct attributed to Rosas, and he fails to meet his burden of showing that he played a minor role in that conduct. Thus, the court did not clearly err in denying Rosas a minor-role reduction.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**