[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12956

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOEL G. AUDAIN,
a.k.a. New Chief,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:97-cr-06007-RNS-16

_____

Before NEWSOM, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Joel Audain, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c).  We discern no error in the district court's order, and thus affirm.

## BACKGROUND

Defendant was indicted in 1998 on multiple counts involving conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a) and 963, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and substantive money laundering in violation of 18 U.S.C. §§ 1957, 2.  The indictment stemmed from a cocaine smuggling operation Defendant participated in while he was employed as an inspector with the Immigration and Naturalization Service ("INS") assigned to the Miami International Airport.  Using his position as an INS inspector, Defendant enabled smugglers to escape detection and searches as they entered the United States from Haiti aboard commercial aircraft.  Over the course of approximately ten years, smugglers affiliated with the operation brought thousands of kilograms of cocaine into the United States.

A jury convicted Defendant of all four counts asserted against him, and he was sentenced to concurrent life sentences as

to each count to be followed by a five-year term of supervised release.  The sentence was based on the large quantity of drugs involved, which resulted in a base offense level of 38 for Defendant's offense, and several enhancements based in part on Defendant's abuse of his position as an INS inspector to commit the offense. This Court vacated the judgment against Defendant in part because his life sentences on the money laundering counts exceeded the statutory maximum.  *See United States v. Audain*, 254 F.3d 1286, 1290 (11th Cir. 2001).  On remand, the district court reduced Defendant's sentence for those counts to ten and twenty years respectively, to run concurrently with each other and with Defendant's remaining two concurrent life sentences.

The Sentencing Commission subsequently passed Amendment 782, a retroactively applicable amendment to the sentencing guidelines that "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018).  Defendant filed a motion for a sentence reduction pursuant to Amendment 782, but the district court denied the motion.  This Court vacated that ruling on appeal, holding that the district court abused its discretion by declining to reduce Defendant's sentence based on his purported obstruction of justice after concluding at Defendant's original sentencing that the obstruction of justice enhancement did not apply.  *United States v. Audain*, 743 F. App'x 318, 321 (11th Cir. 2018).  On remand, the district court reduced Defendant's two remaining life sentences to concurrent thirty-year sentences.

Defendant was furloughed and moved to home confinement in Miami in 2019.  He currently remains on home confinement under certain conditions, including a monitoring device.  According to the BOP website, Defendant is located at "Miami RRM," an entity responsible for overseeing prisoners under home confinement.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 2, 2023).  Defendant is scheduled to be released on November 13, 2023.  *Id.*

In July 2022, Defendant filed the present motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  As amended by the First Step Act of 2018 (the "First Step Act"), that statute authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if it is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statements.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]  Defendant asserted two grounds to establish "extraordinary and compelling reasons" for a sentence reduction in his case.  First, he argued that his adult daughter's cancer independently satisfied the statutory criteria for compassionate release.  Second, he relied on his "complete rehabilitation" in support of his release.

---

[1] Section 3582(c)(1)(A) also authorizes a sentence reduction under certain circumstances if "the defendant is at least 70 years of age" but Defendant does not argue that he qualifies for an age-based sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

As to the first ground, Defendant stated that his 30-year-old daughter, who lives on her own in Georgia, had been diagnosed with breast cancer. According to Defendant, his daughter had no family living nearby to help her, although her mother and sister visited when they could. Defendant advised the court that his daughter had considered moving to Florida if Defendant could assist with her needs, including being accompanied to and taken care of during her chemotherapy treatments.[2] Defendant implied that he was not able to do that under the current conditions of his sentence, which required him to wear a monitoring device and presumably limited his movements.

Regarding the second ground, Defendant conceded that rehabilitation alone is not a ground for compassionate release. Nevertheless, he claimed his rehabilitation could be considered together with his daughter's illness to support his motion. According to Defendant, he proved he had been completely rehabilitated because he had no reported incidents during his imprisonment or since being furloughed. In addition, Defendant noted that he had completed multiple certificates and been continuously employed since being furloughed. Finally, Defendant presented evidence of rehabilitation from family and community members, who advised the court that he had restored the family home almost entirely by himself and that he volunteered with Haiti Health and Restoration.

---

[2] Alternatively, Defendant stated he would request that his supervision be transferred to Georgia if best for his daughter's treatment and well-being.

The district court denied Defendant's motion in a paperless order.  First, it held that Defendant failed to exhaust his administrative remedies as required to obtain relief under § 3582(c).  The court acknowledged that Defendant had attached to his motion a copy of an email he purportedly sent to a general email address at info@bop.gov, but concluded the email was insufficient to establish exhaustion because there was no correspondence to show that the BOP, the warden at Defendant's prison, or Defendant's supervising official through his residential reentry program received his request for compassionate release.  Second, the court concluded that Defendant failed to establish a statutorily recognized circumstance warranting compassionate release.  The court did not consider whether the § 3553(a) factors weighed in favor of releasing Defendant or whether he would be a danger to the community if released.

Defendant appeals the denial of his motion for compassionate release, arguing that the district court abused its discretion because it did not consider the combination of circumstances—his adult daughter's medical condition and his own rehabilitation—he presented in support of his motion.  He argues further that the court erred when it concluded he failed to exhaust administrative remedies with respect to his motion.  We assume without deciding that Defendant properly exhausted his administrative remedies.  Nevertheless, we agree with the district court that Defendant failed to establish his eligibility for compassionate release under § 3582(c).  Accordingly, we affirm the court's denial of Defendant's § 3582(c) motion.

## DISCUSSION

We review de novo whether a defendant is eligible for compassionate release under § 3582(c). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once eligibility is established, we review the denial of a defendant's motion for compassionate release under § 3582(c) for an abuse of discretion. *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes the district court to grant a defendant's motion for compassionate release if the court finds that: (1) "extraordinary and compelling reasons warrant" such relief and (2) the defendant's early release is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement, found in USSG § 1B1.13, echoes the statutory requirements, stating that a district court may grant a defendant's motion for compassionate release "if, after considering the factors set forth in . . . § 3553(a)," the court determines that: (1) "[e]xtraordinary and compelling reasons warrant" the defendant's release and (2) "[t]the defendant is

not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement for all [§ 3582(c)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three conditions for a sentence reduction under § 3582(c): support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to USSG § 1B1.13's policy statement).

The applicable Guidelines policy statement, cited above, identifies three extraordinary and compelling reasons that can authorize a court to grant a motion for compassionate release under § 3582(c). *See* USSG § 1B1.13, comment. (n.1(A)-(C)). First, a defendant's medical condition can constitute an extraordinary and compelling reason for release if the defendant can show he is suffering either from a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes [his] ability . . . to provide self-care" in prison and "from which he . . . is not expected to recover." USSG § 1B1.13, comment. (n.1(A)). Second, release is permitted under certain circumstances if the defendant is at least 65 years old. *See* USSG § 1B1.13, comment. (n.1(B)). And finally, a defendant's family circumstances can create an extraordinary and compelling reason for release based on the "death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse or registered partner when the

defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13, comment. (n.1(C)). The policy statement also contains a catch-all provision that allows the Bureau of Prisons ("BOP") to determine there are other extraordinary and compelling reasons for a particular defendant's release, but this Court has held that only the BOP—as opposed to the court—has the authority to determine release is warranted under that provision. *See Bryant*, 996 F.3d at 1263 ("We cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court.'").

The district court correctly determined that Defendant does not meet the standard for compassionate release set out in any of the above provisions. Defendant does not allege a qualifying medical condition or an age-related basis for his release. Defendant's sole argument is, instead, that he qualifies for compassionate release under the family circumstances provision because of his adult daughter's cancer diagnosis. Based on the plain language of that provision, however, it only applies in a case involving the "death or incapacitation of the caregiver of the defendant's <u>minor</u> child." USSG § 1B1.13, comment. (n.1(C)) (emphasis added). It is thus unavailable to Defendant here.

Defendant argues the district court should have granted his motion under the "catch-all" provision of USSG § 1B1.13, comment. (n.1(D)) based on the special circumstances in his case—namely, his adult daughter's illness and his demonstrated rehabilitation. But as noted above, this Court has held that relief can only

be granted under § 3582(c) based on one of the reasons expressly set out in the applicable Guidelines policy statement—that is, a qualifying medical condition, advanced age, or family circumstances requiring the defendant to act as a caretaker to a minor child, spouse, or registered partner. *See Bryant*, 996 F.3d at 1265 ("Because [the defendant's] motion does not fall within any of the reasons that 1B1.13 identifies as extraordinary and compelling, the district court correctly denied his motion for a reduction of his sentence." (quotation marks omitted)). Defendant's "catch-all" argument is thus unavailing.

## CONCLUSION

As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The district court correctly held that Defendant failed to meet that burden here. The court's order denying Defendant's § 3582(c) motion is thus **AFFIRMED**.