[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12216
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00298-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN ARTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 29, 2008)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Kelvin Artis appeals his conviction and 293-month sentence for possession

with intent to distribute 50 grams or more of crack cocaine.  After a thorough

review of the record, we affirm Artis's conviction and sentence.

I. Background

Artis was indicted for possession with intent to distribute 50 grams or more of crack, in violation of 21 U.S.C. § 841 (Count 1), possession with intent to distribute marijuana, in violation of § 841 (Count 2), possession with intent to distribute 500 grams or more of cocaine, in violation of § 841 (Count 3), and using or carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 4). He also faced an enhanced sentence under 21 U.S.C. § 851.

On the day of trial, Artis agreed to plead guilty to Count 1 without a written plea agreement. At the change-of-plea hearing, the court questioned whether Artis understood he faced a statutory mandatory minimum sentence of 10 years' imprisonment with a maximum term of life imprisonment. At first, Artis indicated he understood, but then stated that he had not known about the possible life sentence. After Artis was given time to consult with his attorney, Artis indicated his desire to enter his plea. The court informed Artis that he would not be able to withdraw his plea if he was dissatisfied with his sentence, but it noted that he had not waived his right to appeal. The court conducted the Fed.R.Crim.P. 11 colloquy, confirming that Artis had spoken to and was satisfied with counsel, that

2

Artis understood the charges, and that he was pleading guilty voluntarily.

The presentence investigation report ("PSI") listed Artis's base offense level as 32 given the amount of drugs, and he faced a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on five firearms found in close proximity to the drugs. There was no reduction for acceptance of responsibility. With a criminal history category V, the resulting guidelines range was 235 to 293 months' imprisonment.

Artis objected to the two-level firearm enhancement and the denial of an acceptance-of-responsibility reduction. He asserted that the government had agreed to not to seek any enhancements and had dismissed the § 924(c) charge; thus, he argued the government could not seek any enhancement for the firearm. Although Artis did not dispute the presence of guns, he asserted that he should not be held responsible for the firearms because the house in which the drugs were found did not belong to him.

With respect to the responsibility reduction, Artis argued that he had written a letter to the prosecutor admitting that he possessed a contraband cell phone while in jail, and that this letter demonstrated his acceptance of responsibility and his remorse. He also noted that he had cooperated with the government. The court overruled the objections, finding that the guidelines permitted the firearm

enhancement because Artis had not shown the connection between the guns and drugs was clearly improbable. The court further noted that the government's agreement to withdraw the § 851 enhancement did not impact enhancements under the sentencing guidelines. The court also found that Artis was not entitled to a reduction for acceptance of responsibility because his letter did not express remorse for the drug offenses with which he was charged.

Artis moved for a reduction based on substantial assistance or for a downward departure. The court denied both motions after the government indicated that it would not move for a reduction under U.S.S.G. § 5K1.1 because, although Artis had cooperated with authorities, he had continued his criminal conduct after providing assistance. After the court indicated that it was not inclined to grant any reductions in the sentencing calculations, Artis moved to withdraw his guilty plea. The court denied the motion, citing prejudice to the government. The court sentenced Artis to 293 months' imprisonment, to run consecutively to a state sentence, per the government's request. In determining the sentence, the court stated that it considered the advisory guidelines range and the sentencing factors in 18 U.S.C. § 3553(a) in addition to Artis's arguments. Artis now appeals, arguing (1) the court erred by refusing to permit him to withdraw his guilty plea; (2) the court erred in calculating his sentencing range; and (3) his

sentence was unreasonable.

II. Discussion

A. Guilty Plea

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). "The district court may be reversed only if its decision is arbitrary or unreasonable." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).

Pursuant to Fed.R.Crim.P. ("Rule") 11(d), a court may permit a defendant to withdraw a guilty plea before the court imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," a district court may consider the totality of circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Buckles, 843 F.2d at 472 (citations omitted). The court may also consider the timing of the motion, and the time between the entry of the plea and the motion to withdraw may indicate the defendant's motivation. United States v. Gonzalez-Mercado, 808 F.2d

5

796, 801 (11th Cir. 1987).

Here, the court did not abuse its discretion. At the plea colloquy, Artis was informed that he faced a maximum sentence of life imprisonment and he was given time to consult with his attorney and family before entering his plea. Artis indicated that he understood the possible sentence and that he was satisfied with counsel. Artis also acknowledged that he was pleading guilty voluntarily and knowingly. It is presumed that Artis's statements at the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (explaining that the district court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy). Moreover, although the government was prepared to go to trial, permitting Artis to withdraw his plea would waste judicial resources and force the government to re-create its case.

We also note that Artis did not seek to withdraw his plea until sentencing, which calls into question his motivation and implies that he was doing so only because he faced a harsher sentence than he had hoped to receive. See, e.g. Gonzalez-Mercado, 808 F.2d at 801 (noting that the fact that motion to withdraw the plea came after others involved had received stricter sentences than those recommended in the plea agreement, suggests that the appellant withdrew his plea in anticipation of a harsher sanction than expected). Accordingly, considering the

totality of the circumstances, we conclude that the court did not abuse its discretion by refusing to permit Artis to withdraw his plea.

B. Sentencing

Artis argues that the court erred in determining his sentence because he was entitled to a reduction for acceptance of responsibility, he should not have received an enhancement for the firearm, and the ultimate sentence was unreasonable. He also argues, for the first time, that the government's refusal to file a substantial assistance motion was irrational and unrelated to Artis's cooperation in light of the government's concession that Artis had provided assistance.

We review a district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Masferrer, 514 F.3d 1158, 1164 (11th Cir. 2008). Clear error is present if we are "left with a definite and firm conviction that a mistake has been committed" by the district court. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation omitted). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004).

1. Acceptance of Responsibility

The guidelines provide for a two-level reduction when the defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a). Although a guilty plea is significant evidence of acceptance of responsibility, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997) (quoting U.S.S.G. § 3E1.1, comment. (n.1 and 3)). Artis bears the burden of showing entitlement to a reduction, and the sentencing judge is given great deference on review. United States v. Williams, 408 F.3d 745, 756-57 (11th Cir. 2005); United States v. Castillo-Valencia, 917 F.2d 494, 500 (11th Cir. 1990).

Here, the district court concluded that Artis was not entitled to the reduction because his letter to the prosecutor admitted additional criminal conduct and was not a showing of remorse for the drug offense to which he was pleading guilty. "[I]t is well established that a district court may consider subsequent criminal conduct in deciding whether a decrease pursuant to § 3E1.1 is appropriate." United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994). The district court's decision is entitled to deference and Artis has offered nothing to show the court erred.

2. Firearm Enhancement

Pursuant to § 2D1.1(b)(1), a defendant's offense level should be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). As the commentary to the guideline explains, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). "The government has the burden under § 2D1.1 to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence." United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). "If the government is successful, the evidentiary burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" Id. (citation omitted).

Here, the government proffered that the firearms were found throughout the house in close proximity to the drugs. Artis does not dispute this fact. Thus, the government met its burden and Artis must show that the connection between the guns and drugs was clearly improbable. Artis cannot meet this burden and has offered nothing to sever the connection between the firearms and the cocaine.

3. Reasonableness

We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S.Ct. 586, 594, 596-97 (2007). A sentence

9

may be procedurally unreasonable if the district court incorrectly calculates the Guidelines range, treats the Guidelines as mandatory, fails to properly consider the § 3553(a) sentencing factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. Gall, 128 S.Ct. at 597. Substantive reasonableness requires that the totality of the circumstances be considered and that the statutory factors of § 3553(a) support the sentence in question. Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Artis contends that his sentence is unreasonable because the court failed to consider his substantial assistance.[1] A review of the record confirms that Artis's sentence was procedurally and substantively reasonable. First, the court properly calculated the guidelines range, considered the § 3553(a) factors, and explained its

_____

[1] To the extent that Artis argues that the government's failure to request a substantial-assistance reduction was based on improper motives, that issue was not raised before the district court and is subject to plain error review. The argument is without merit. The Supreme Court has held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) (considering motions filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). Indeed, the Supreme Court held that the government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion. Id. at 185-86, 112 S.Ct. at 1843-44. Here, Artis has offered nothing to show an unconstitutional motive.

10

sentencing determination.  Second, the sentence was within the guidelines range and is consistent with the court's consideration of the § 3553(a) factors.  Moreover, in reaching this sentence, the court stated that it also considered Artis's arguments. Artis has offered nothing to show that his sentence was unreasonable.

III. Conclusion

For the foregoing reasons, we AFFIRM Artis's conviction and sentence.